418 A.2d 702

**COMMONWEALTH of Pennsylvania**

v.

**Roy CARROLL, Appellant.**

Superior Court of Pennsylvania.

Argued June 20, 1979.

Filed Feb. 22, 1980.

John DiCicco, Assistant Public Defender, Norristown, for appellant.

John J. Burfete, Assistant District Attorney, Norristown, submitted a brief on behalf of Commonwealth, appellee.

Before HESTER, HOFFMAN and CATANIA,* JJ.

HESTER, Judge:

This is an appeal from the Judgment of Sentence of the Court of Common Pleas of Montgomery County. Appellant was convicted of recklessly endangering another person, disorderly conduct, possession of a prohibited offensive weapon, and two violations of the Uniform Firearms Act. Post verdict motions were denied and a sentence of 2½ to 5 years on the firearms violations was imposed; sentence on the other charges was suspended.

Initially, appellant contends that the court erred in failing to sever the charge of "Former convict not to own a firearm", 18 Pa.C.S. § 6105, from the other charges.

The lower court refused appellant's motion for severance based on *Commonwealth v. Campana*, 452 Pa. 233, 304 A.2d 432, vacated and remanded 414 U.S. 808, 94 S.Ct. 73, 38 L.Ed.2d 44 (1973) on remand 455 Pa. 622, 314 A.2d 854, cert. denied, 417 U.S. 969, 94 S.Ct. 3172, 41 L.Ed.2d 1139 (1974) which held that a prosecutor is required to bring, in a single proceeding, all known charges against a defendant arising from a single criminal episode. The court found that no unjust prejudice to the appellant would result from the consolidation. Thus the motion was denied.

---

* President Judge FRANCIS J. CATANIA, of the Court of Common Pleas of Delaware County, Pennsylvania, is sitting by designation.

Here there is no question that all the charges brought against appellant arose out of the same criminal incident.

However, we see no problem with *Campana*, supra. Clearly if a defendant requests and is granted a severance, he cannot later raise an objection claiming a violation of the principles enunciated in *Campana*. See *Commonwealth v. Green*, 232 Pa.Super. 134, 335 A.2d 493 (1975).

Our determination of whether the lower court properly exercised its discretion in refusing the appellant's motion to sever rests on whether appellant was unduly prejudiced by this failure.

The claim of possible prejudice in a jury's consideration could be claimed in every case where charges are consolidated. However, more than a bare claim of possible prejudice is required to support a reversal. *Commonwealth v. Fiorini*, 257 Pa.Super. 185, 390 A.2d 774 (1978).

We feel there is no question that appellant was prejudiced in this case. The crime of "Former convict not to own a firearm", requires the Commonwealth to show a previous conviction for a violent crime. Thus, where these charges are brought with others, clearly the jury is exposed to the fact that this particular defendant had previously committed a violent crime.

Normally, in criminal trials, evidence of prior crimes committed by a particular defendant is not admissible and any reference to it constitutes reversible error. *Commonwealth v. Martin*, 479 Pa. 63, 387 A.2d 835 (1978). The purpose of this rule is to prevent the conviction of an accused for one crime by the use of evidence that he has committed other unrelated crimes, and to preclude the inference that because he has committed other crimes, he was more likely to commit that crime for which he is being tried. *Commonwealth v. Trowery*, 211 Pa.Super. 171, 173, 235 A.2d 171, 172 (1967).

The prejudice here is a bit different. Clearly the introduction of the fact of appellant's former conviction of a

violent crime was required as an element of proof of the crime of "Former convict not to own a firearm."

Appellant claims that because of the nature of the proof required in that crime, it could not be consolidated with other charges, since then the prejudice of the introduction of his former conviction would spread to all the charges. We agree. We feel to reach any other result would be inconsistent with general principles of evidence admissible in a criminal trial.

Normally, evidence that a particular defendant committed a prior crime is admissible *only* where it tends to prove (1) motive, (2) intent, (3) absence of mistake or accident, (4) a common scheme, plan or design embracing the commission of two or more crimes so related to each other that proof of one tends to prove the others, or (5) to establish the identity of the person charged with the commission of the crime on trial. *Commonwealth v. Irons*, 230 Pa.Super. 56, 326 A.2d 488 (1974). Clearly here the evidence of appellant's former crime does not satisfy any of these criteria. Thus following normal evidentiary principles, we believe the severance should have been granted.

However, the denial of a motion for severance is not an abuse of discretion if the facts and elements of the two crimes are easily separable in the minds of the jurors and if the crimes are such that the fact of commission of each crime would be admissible as evidence in a separate trial for the other. *Commonwealth v. Terrell*, 234 Pa.Super. 325, 339 A.2d 112 (1975).

We believe this test to be inapplicable to our situation. Here, we are presented with a crime which, as part of the proof, requires proof that the appellant had previously committed a violent crime. Clearly the fact that appellant committed the former violent crime, is of no evidentiary value to the proof of *any* of the other crimes with which he is so charged; its only relevance is to satisfy the requirements of "Former convict not to own a firearm".

This being the case, we see no justification for refusing the severance requested by appellant. Clearly, the consolidated trial of these above enumerated offenses severely prejudiced appellant in that the jury was exposed to the proof that appellant had formerly committed a violent crime.

We recognize that matters of severance are normally left to the discretion of the trial. Here, however, since we believe there has been an abuse of such discretion, we are constrained to reverse and grant appellant a new trial on all the charges.[1]

Judgment of sentence reversed and a new trial granted.

HOFFMAN, J., concurs in the result.

---

1. Appellant raises five other points for our consideration which we have reviewed and found to be meritless.