442 A.2d 328

COMMONWEALTH of Pennsylvania

v.

Duke GALASSI, Appellant.

Superior Court of Pennsylvania.

Argued Nov. 11, 1980.

Filed March 5, 1982.

Vincent C. Murovich, Jr., Pittsburgh, for appellant.

Kathryn L. Simpson, Assistant District Attorney, Pittsburgh, for Commonwealth, appellee.

Before SPAETH, WICKERSHAM and LIPEZ, JJ.

PER CURIAM:

Duke Galassi, appellant, was tried before the Honorable Ralph Cappy and a jury in a trial commencing June 6, 1979

on two charges of violating the uniform firearms act, to wit: former convict not to own a firearm (18 Pa.C.S. § 6105) and firearms not to be carried without a license (18 Pa.C.S. § 6106).[1] The jury returned a verdict of guilty on both charges and, following sentencing, this direct appeal was taken.[2]

The day before the jury trial began, a suppression hearing was held before Judge Cappy and defense counsel, Vincent C. Murovich, Jr., Esquire, requested the court to sever the charges against him. The trial court refused the request for severance. The court said:

> THE COURT: I don't have any difficulty in entertaining the motion to amend or the oral argument in the nature of the motion to amend the pre-trial motion. However, I do understand the difficulty in these kinds of cases, Mr. Murovich. But the difficulty arises from, you know, two charges which are arising from a set of facts which are consistent—one set of facts, two charges. It seems—it may even seem to me to be redundant charges, although there is a specific additional penalty for former convict. The real question here is first, the jury has to reach the question did he possess the gun? And then secondly, if he did, the rest follows. Or secondly, if he is a

1. **Former convict not to own a firearm, etc.**
   No person who has been convicted in this Commonwealth or elsewhere of a crime of violence shall own a firearm, or have one in his possession or under his control.
   18 Pa.C.S. § 6105.
   **Firearms not to be carried without a license**
   (a) **Offense defined.**—No person shall carry a firearm in any vehicle or concealed on or about his person, except in his place of abode or fixed place of business, without a license therefor as provided in this subchapter.
   18 Pa.C.S. § 6106(a).

2. Appellant was sentenced on December 17, 1979 to a period of incarceration in the State Correctional Institution at Greensburg for not less than eight nor more than sixteen months. Although the sentencing transcript is somewhat confusing, it appears that the trial judge sentenced on the charge of firearms not to be carried without a licence (18 Pa.C.S. § 6106) and suspended sentences on the former convict not to own a firearm charge.

convicted convict. I can't grant your request to sever the two counts.

Suppression Hearing transcript at 44.

At the conclusion of the trial defendant filed a timely motion for new trial and in arrest of judgment, alleging *inter alia,* that "[t]he court erred in not severing the Counts." This matter was considered by the lower court in its ten page opinion dated December 6, 1979, which accompanied its order denying the motion for new trial and in arrest of judgment. In its opinion the court said:

This discussion is similarly determinative of defendant's argument regarding severance of the two VUFA charges. Aside from the fact that this Court employed every means available to prevent any prejudice to the defendant from the consolidation of the two charges at trial, it is further noted that 'Consolidation or separation of indictments is a matter within the sound discretion of the trial judge, whose decision will be reversed only for a clear abuse of discretion or in cases of clear prejudice and injustice to an accused. *Commonwealth v. Lasch,* 464 Pa. 573, 347 A.2d 690 (1975) . . . (Citations omitted.)' Consolidation will not be considered an abuse of discretion if the facts and elements of the charged offenses would be easily separable in the minds of the jury, if the facts of the commission of each crime would be admissible as evidence in a separate trial for the other, and if the facts of both transactions intertwined. *Commonwealth v. Vickers,* 260 Pa.Super. 46, 394 A.2d 1022 (1978).

Based on the reasons set forth above, the Motion for New Trial and In Arrest of Judgment shall be denied.

Lower ct. op. at 10.

Subsequently, at oral argument before our court Mr. Murovich requested and received permission to file a supplemental brief in order to bring our attention to *Commonwealth v. Carroll,* 275 Pa.Super. 241, 418 A.2d 702 (1980). In *Carroll* we said:

We feel there is no question that appellant was prejudiced in this case. The crime of 'Former convict not to own a firearm', requires the Commonwealth to show a previous conviction for a violent crime. Thus, where these charges are brought with others, clearly the jury is exposed to the fact that this particular defendant had previously committed a violent crime.

Normally, in criminal trials, evidence of prior crimes committed by a particular defendant is not admissible and any reference to it constitutes reversible error. *Commonwealth v. Martin*, 479 Pa. 63, 387 A.2d 835 (1978). The purpose of this rule is to prevent the conviction of an accused for one crime by the use of evidence that he has committed other unrelated crimes, and to preclude the inference that because he has committed other crimes, he was more likely to commit that crime for which he is being tried. *Commonwealth v. Trowery*, 211 Pa.Super. 171, 173, 235 A.2d 171, 172 (1967).

The prejudice here is a bit different. Clearly the introduction of the fact of appellant's former conviction of a violent crime was required as an element of proof of the crime of 'Former convict not to own a firearm.'

Appellant claims that because of the nature of the proof required in that crime, it could not be consolidated with other charges, since then the prejudice of the introduction of his former conviction would spread to all the charges. We agree. We feel to reach any other result would be inconsistent with general principles of evidence admissible in a criminal trial.

Normally, evidence that a particular defendant committed a prior crime is admissible *only* where it tends to prove (1) motive, (2) intent, (3) absence of mistake or accident, (4) a common scheme, plan or design embracing the commission of two or more crimes so related to each other that proof of one tends to prove the others, or (5) to establish the identity of the person charged with the commission of the crime on trial. *Commonwealth v. Irons*,

230 Pa.Super. 56, 326 A.2d 488 (1974). Clearly here the evidence of appellant's former crime does not satisfy any of these criteria. Thus following normal evidentiary principles, we believe the severance should have been granted.

However, the denial of a motion for a severance is not an abuse of discretion if the facts and elements of the two crimes are easily separable in the minds of the jurors and if the crimes are such that the fact of commission of each crime would be admissible as evidence in a separate trial for the other. *Commonwealth v. Terrell*, 234 Pa.Super. 325, 339 A.2d 112 (1975).

We believe this test to be inapplicable to our situation. Here, we are presented with a crime which, as part of the proof, requires proof that the appellant had previously committed a violent crime. Clearly the fact that appellant committed the former violent crime, is of no evidentiary value to the proof of *any* of the other crimes with which he is so charged; its only relevance is to satisfy the requirements of 'Former convict not to own a firearm'.

*Id.*, 275 Pa.Super. at 244–45, 418 A.2d at 704.

We believe that the logic and fairness of Judge Hester's analysis in the *Carroll* case applies with equal force in the instant appeal and, accordingly, we find that there has been an abuse of discretion in refusing the severance requested by the appellant and reverse and grant appellant a new trial on all the charges.[3]

Judgment of sentence reversed and a new trial granted.

[3.] Appellant further contended in this appeal that the lower court erred in refusing to suppress evidence based upon insufficient probable cause for an arrest and attacked the sufficiency of the evidence against him in alleging that the court erred in refusing his motion in arrest of judgment. We find no merit to either of these contentions and adopt the well considered opinion of Judge Cappy under date of December 6, 1979 in complete answer to those specific issues.