463 A.2d 451

**COMMONWEALTH of Pennsylvania,**

**v.**

**Rickey PAYNE a/k/a John Vargas, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 3, 1982.

Filed July 22, 1983.

Petition for Allowance of Appeal Denied Nov. 10, 1983.

454

Manuel Grife, Philadelphia, for appellant.

Michael Turner, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before ROWLEY, HOFFMAN and VAN der VOORT, JJ.

ROWLEY, Judge:

This is a direct appeal from judgments of sentence imposed upon appellant following a jury verdict finding him guilty of two counts of robbery, one count of conspiracy and a charge of possession of a firearm by a former convict.[1] The charges were filed as the result of the gun-point robbery by appellant and two accomplices of between ten and twenty persons at a Philadelphia apartment house on January 11, 1980. Post-trial motions were timely filed. The motions were subsequently amended by new counsel appointed to represent appellant in the post-trial proceedings. On March 9, 1981, the post-trial motions were denied and appellant was sentenced to terms of three to ten years imprisonment on each robbery, and terms of one to five years imprisonment for the conspiracy and firearms possession charges. All sentences were made concurrent. Represented by a third attorney, appellant brought this appeal. We affirm.

The sole issue raised by appellant is set forth in his brief as follows:

The Court erred in permitting testimony concerning the appellant's previous conviction for burglary in 1974 to be admitted into evidence.

Section 6105 of the Crimes Code, 18 Pa.C.S.A. § 6105, provides:

No person who has been convicted in this Commonwealth or elsewhere of a crime of violence shall own a firearm, or have one in his possession or under his control.

Section 6102 of the Code defines "crime of violence" as the commission or attempted commission of the crimes of "mur-

1. 18 Pa.C.S.A. § 6105.

der, rape, aggravated assault, robbery, burglary, entering a building with intent to commit a crime therein, and kidnapping." At the trial in this case, the Commonwealth, in order to prove the firearm's charge, presented evidence that appellant had been convicted on a charge of burglary in 1974. Appellant presents two arguments in support of his claim that the evidence of his prior burglary conviction was erroneously admitted.

First, appellant argues that his prior conviction should not have been mentioned before the jury in any way whatsoever. We disagree. Evidence of a prior conviction of a crime of violence is both proper and *necessary* when a defendant is tried on charges stemming from an alleged violation of § 6105. This is true even when the § 6105 charge is tried jointly with charges of the commission of other crimes. *Commonwealth v. Stanley*, 265 Pa.Super. 194, 401 A.2d 1166 (1979), affirmed, 498 Pa. 326, 446 A.2d 583 (1982); *Commonwealth v. Lowry*, 260 Pa.Super. 454, 394 A.2d 1015 (1978). Indeed, in his opinion for this Court in *Stanley*, Judge Price specifically stated that "the crime charged in the instant case required the introduction into evidence of the exact nature of the prior crime." 265 Pa.Super. at 208, 401 A.2d at 1173. Furthermore, unless a severance of the charges is granted, *Commonwealth v. Carroll*, 275 Pa.Super. 241, 418 A.2d 702 (1980), the Commonwealth must prosecute all offenses arising from the same criminal episode at the same time. *Commonwealth v. Campana*, 452 Pa. 233, 304 A.2d 432, vacated and remanded, 414 U.S. 808, 94 S.Ct. 73, 38 L.Ed.2d 44 (1973), on remand, 455 Pa. 622, 314 A.2d 854, cert. denied, 417 U.S. 969, 94 S.Ct. 3172, 41 L.Ed.2d 1139 (1974); 18 Pa.C.S.A. § 110(1)(ii). In this case, there was no motion for a severance of the charges and appellant alleges no grounds upon which the trial court should have intruded and granted a severance *sua sponte*. Therefore, there was no error in

presenting the evidence that appellant had previously been convicted of burglary.[2]

Appellant also argues, however, that even if the fact of appellant's conviction was properly introduced, "greater care should have been taken to ameliorate its possible influence on the jury towards the appellant by a limitation of the amount of detail that came into evidence." Brief for Appellant at 12. Appellant argues that the *details* concerning the prior offense admitted into evidence at his trial show more than the simple fact of his earlier conviction, thereby causing the jury to be unfairly prejudiced against him. Again we are constrained to disagree.

Only two witnesses testified for the Commonwealth concerning appellant's earlier conviction. The first witness was a Deputy Court Clerk in the Court of Common Pleas, Jean McCollum, who testified from records produced pursuant to a subpoena duces tecum. She stated that a person named "Rickey Payne" was arrested on February 12, 1974, at 1310 Wallace Street, that "Payne" later pleaded guilty to the charge of burglary before the Honorable James R. Cavanaugh [now a member of this Court] who placed appellant on three years probation. The second witness was Officer Earl Falaice of the Philadelphia Police. His testimony on this point is as follows:

Q [By the Assistant District Attorney]: Officer [Falaice], I'd like to direct your attention to February the 12th of 1974. On that date were you a Philadelphia police officer?

A [By Officer Falaice]: Yes, I was.

Q: And do you recall whether or not on that date you made any arrests?

A: Yes, I did.

2. The Commonwealth need not in situations such as the one before us place the evidence of appellant's prior conviction before the jury by means of a stipulation. Both this court and the Supreme Court have so ruled. *Commonwealth v. Stanley*, 265 Pa.Super. 194, 207 n. 14, 401 A.2d 1166, 1172–1173 n. 14 (1979), affirmed, 498 Pa. 326, 336, 446 A.2d 583, 588 (1982).

Q: Is the person that you arrested on that date in court here today?

A: Yes, he is.

Q: Would you point him out, please. [Sic.]

A: The gentleman with the white sweater, blue collar.

[Q]: For the record, Your Honor, indicating the defendant, Mr. Vargas.

THE COURT: Very well.

Q: Now, officer, where was it that you arrested Mr. Falaice [sic]?

[Defense Counsel]: Objection, Sir.

THE COURT: Not Mr. Falaice.

Q: I'm sorry, where was it that you arrested this defendant?

[Defense Counsel]: Objection.

THE COURT: Overruled.

A: Linton's Commissary at 1310 Wallace Street.

Q: Where at that location was this defendant when you arrested him?

[Defense Counsel]: Objection.

THE COURT: Overruled.

A: He was in a storage bin inside the commissary there.

Q: Officer, as a result of that arrest, are you aware of what charges this defendant was charged with?

[Defense Counsel]: Objection.

THE COURT: Overruled.

A: He was charged with burglary, criminal trespassing and he was convicted of burglary.

[Q]: Thank you, officer, no further questions.

BY THE COURT:

Q: What name did the person you arrested on that date use?

A: The defendant used the name of Rickey Payne.

Q: And then you were the officer that placed the charges against him?

A: Yes, Rickey Payne, I did, the gentleman sitting over there.

This testimony is highly relevant, material and even necessary to establish an element of the offense charged, i.e. appellant's *identity* as a "former convict" under 18 Pa.C. S.A. § 6105. Appellant was arrested, charged, tried and sentenced in this case as John Vargas. Appellant's use of a different name in 1974 required that his identification be given more attention than in the typical § 6105 case. As is apparent from the quoted testimony, the details about which Officer Falaice testified concerned only the administrative process by which the person who identified himself in 1974 as "Rickey Payne" was arrested, charged with and convicted of a crime of violence (burglary). In order to establish that "Rickey Payne" and the person on trial as "John Vargas," were the same person, the officer testified that the individual he arrested in 1974 was the same individual on trial in the courtroom in 1980. In the absence of any portion of this testimony, appellant may well have attacked his § 6105 conviction on the ground of insufficient evidence because he had not been properly identified as the Ricky Payne named in the records of the prior conviction. Until Officer Falaice testified as he did, the records produced by the court clerk bearing the name "Payne" were meaningless. The officer's testimony established a vital link between the record of the 1974 conviction and the appellant by showing that it was, in fact, "Vargas" who was arrested in 1974 and pleaded guilty while identifying himself as "Payne."

Nor is this evidence "inflammatory". Other than identifying appellant, Officer Falaice mentioned only that (1) appellant was in a storage bin, (2) he arrested appellant, and (3) he lodged charges against appellant. The final two items of information are critical to establishing appellant's identity as the person convicted of a crime of violence and his relationship to the records produced by the court clerk.

The officer's reference to appellant being in a storage bin is corroborative of the officer's ability to remember and identify appellant. Not only is such evidence relevant to the issue of the officer's credibility but it is so innocuous that it cannot properly be characterized as "inflammatory." Such a reference, in and of itself, carries with it no possible character-blackening inference. The jury could not have concluded, from the fact that in 1974 appellant hid in a storage bin, that appellant was evil or bad or in any other way deserving of the opprobrium of society. Nor did this remark in any way describe appellant's criminal acts or intimate that appellant had perpetrated any heinous misdeed. The jury could not be inflamed by such knowledge given the facts of this particular case. The jury legitimately heard evidence of appellant's actions in this case in holding between ten and twenty people hostage while taking their money at the point of a gun. Moreover, appellant was apprehended in this case during the course of the robbery. The jury also heard, and properly so, that appellant had earlier been convicted of the crime of burglary. The jury could not be inflamed against appellant by hearing, in addition, that for a short time he had occupied a vaguely identified "storage bin".

Likewise, Officer Falaice's testimony could not cause appellant to be unfairly or unduly prejudiced. As explained above, the officer's testimony is not inflammatory; consequently, the jury could not be prejudiced against appellant in that manner. Additionally, the trial court took adequate precautions against any possible accrual of prejudice by twice giving careful instructions, once before the testimony was elicited and again before the jury began its deliberations, limiting the jury's use of the officer's testimony to only the firearms charge. *See Commonwealth v. Povish*, 479 Pa. 179, 387 A.2d 1282 (1978); *Commonwealth v. Williams*, 470 Pa. 172, 368 A.2d 249 (1977); *Commonwealth v. Hutchinson*, 290 Pa.Super. 254, 434 A.2d 740 (1981). Appellant has failed to specify any other manner in which this evidence was prejudicial.

For the foregoing reasons, the judgments of sentence are affirmed.

HOFFMAN, J., files a dissenting opinion.

HOFFMAN, Judge, dissenting:

Because the lower court's admission of the details of appellant's prior conviction was prejudicial and totally unnecessary, I dissent. "As a general rule, evidence that a defendant has committed another crime wholly independent and unconnected with that for which he is on trial is irrelevant and inadmissible except under special circumstances." *Commonwealth v. Martin,* 479 Pa. 63, 68, 387 A.2d 835, 838 (1978).

> The purpose of this rule is to prevent the conviction of an accused for one crime by the use of evidence that he has committed other unrelated crimes, and to preclude the inference that because he has committed other crimes he was more likely to commit that crime for which he is being tried. The presumed effect of such evidence is to predispose the minds of the jurors to believe the accused guilty and thus effectually to strip him of the presumption of innocence.

*Commonwealth v. Trowery,* 211 Pa.Superior Ct. 171, 173–74, 235 A.2d 171, 172 (1967). Although the Commonwealth was required to produce evidence of the *fact* of appellant's prior conviction to prove his violation of § 6105 of the Uniform Firearms Act, I find that the Commonwealth's proof should have been limited to the certification of appellant's conviction by court personnel and the identification of appellant by the arresting officer. The details of appellant's prior crime, including his hiding in a storage bin, and that his subsequent arrest was for burglary and criminal trespass, were wholly irrelevant to the required proof, serving only to prejudice the jury and impede appellant's taking the stand. Accordingly, I would reverse and remand for a new trial.