J-S25011-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GEROD MAURICE JARRETT, | |
| Appellant | No. 1197 WDA 2014 |

Appeal from the Judgment of Sentence June 27, 2014
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0001884-2013

BEFORE:  BENDER, P.J.E., STABILE, J., and PLATT, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                    **FILED JULY 07, 2015**

Appellant, Gerod Jarrett, appeals from the judgment of sentence of an aggregate term of 30 to 60 years' incarceration, imposed after he was convicted of robbery, theft by unlawful taking, recklessly endangering another person, possession of a firearm by a person prohibited, possession of a firearm, terroristic threats, and receiving stolen property.  Appellant argues on appeal that the trial court erred by denying his motion to sever the charge of possession of a firearm by a person prohibited from his trial on the remaining charges.  After careful review, we affirm.

_____

[*] Retired Senior Judge assigned to the Superior Court.

The trial court summarized the factual and procedural history of Appellant's case as follows:

This case involves the robbery of Bryce Dupree Moffett that took place on April 8, 2013. On that date, at approximately 2:00 p.m., Moffett drove his two cousins to Latia Flemings' residence on East 21st Street in the City of Erie, [Pennsylvania]. When they arrived, Moffett observed Appellant sitting alone in the driver's seat of a parked black SUV in front of Flemings' home.[2] Moffett and his two cousins entered Flemings' residence.

[2] Moffett never met Appellant before this incident.

After approximately ten minutes, Moffett exited the residence and Appellant approached him with a black automatic handgun. Appellant pointed the gun at Moffett's head and told Moffett to hand over his belongings or he would shoot him. Appellant took $400.00 in cash and approximately $2,200.00 worth of jewelry from Moffett. After Appellant fled the scene, witnesses informed Moffett that Appellant was from Pittsburgh and [was] known as "Smoke."

Moffett left the scene and immediately returned with a shotgun. Police were called and arrested Moffett for having the shotgun. Moffett was transported to the police station, where he informed investigators that "Smoke" from Pittsburgh robbed him at gunpoint. Erie Police Detective Jason Triana knew that Appellant was known as "Smoke" and [he] prepared a photo lineup that included Appellant's picture. Moffett immediately identified Appellant's picture as [that of] the assailant. Moffett further described his stolen jewelry and the black semi-automatic pistol used in the robbery.

Police later arrested Appellant and recovered a black handgun under the driver's seat of the black SUV. Police also recovered Moffett's jewelry from Appellant and inside the vehicle.

On April 10, 2014, Appellant proceeded to a jury trial on all counts except for the [18 Pa.C.S.] § 6105 count (possession of a firearm [by a person] prohibited). The trial was bifurcated, and the trial on the §[]6105 count was deferred. During the first portion of the trial, Moffett identified the recovered firearm as the weapon used in the robbery. Moffett also identified the recovered jewelry.

- 2 -

On April 11, 2014, after the first portion of the bifurcated trial, the jury reached a verdict on the foregoing counts. Over Appellant's objections, the second portion of the trial commenced and the Commonwealth presented evidence regarding Appellant's prior criminal record to the jury. After deliberation, the jury found Appellant guilty of the § 6105 offense.

On June 27, 2014, Appellant was sentenced as follows: 25 to 50 years' imprisonment at Count 1 (robbery), consecutive to his current state sentence; 1 to 2 years' imprisonment for Count 4 ([recklessly endangering another person]), concurrent to Count 1; 5 to 10 years' imprisonment for Count 5 (possession of a firearm [by a person] prohibited), consecutive to Count 1; 30 to 60 months' imprisonment at Count 6 (possession of a firearm), concurrent to Count 1; and, 2 to 5 years' imprisonment for Count 7 (terroristic threats), concurrent to Count 1. Counts 3 and 8 merged for sentencing purposes.

Trial Court Opinion (TCO), 10/22/14, at 1-3 (citations to the record omitted).[1]

_____

[1] We note that Appellant's 25-year sentence for his robbery conviction is a mandatory minimum required by 42 Pa.C.S. § 9714(a)(2). That provision mandates that where an offender is convicted of a crime of violence, and has "previously been convicted of two or more such crimes of violence arising from separate criminal transactions, the person shall be sentenced to a minimum sentence of at least 25 years of total confinement…." 42 Pa.C.S. § 9714(a)(2). In *Alleyne v. United States*, 133 S.Ct. 2151 (2013), the United States Supreme Court held that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." *Alleyne*, 133 S.Ct. at 2155. However, in *Almendarez-Torres v. United States*, 523 U.S. 224, 246 (1998), the Supreme Court stated that "the fact of a prior conviction does not need to be submitted to a jury and found beyond a reasonable doubt." The *Alleyne* Court explicitly noted that *Almendarez-Torres* remains good law and is a narrow exception to the holding of *Alleyne*. *See Alleyne*, 133 S.Ct. at 1260 n.1. The Pennsylvania Supreme Court has determined that the Pennsylvania Constitution does not afford greater protections. *See Commonwealth v. Aponte*, 855 A.2d 800 (Pa. 2004). Therefore, as the
*(Footnote Continued Next Page)*

Appellant filed a timely notice of appeal, as well as a timely Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Herein, he raises one issue for our review: "Whether the trial court abused its discretion in denying Appellant's Motion to Sever Count 5 [(possession of a firearm by a person prohibited)] and [by] allowing the Commonwealth to present evidence of Appellant's prior conviction[?]" Appellant's Brief at 3.

We begin by noting that:

> A motion for severance is addressed to the sound discretion of the trial court, and ... its decision will not be disturbed absent a manifest abuse of discretion. The critical consideration is whether the appellant was prejudiced by the trial court's decision not to sever. The appellant bears the burden of establishing such prejudice.
>
> **Commonwealth v. Dozzo**, 991 A.2d 898, 901 (Pa. Super. 2010). The Pennsylvania Rules of Criminal Procedure govern the severance of offenses. Rule 583 reads, "The court may order separate trials of offenses or defendants, or provide other appropriate relief, if it appears that any party may be prejudiced by offenses or defendants being tried together." Pa.R.Crim.P. 583.

**Commonwealth v. Mollett**, 5 A.3d 291, 305 (Pa. Super. 2010).

Here, Appellant argues that the trial court erred by denying his pretrial motion to sever the charge of possession of a firearm by a person

*(Footnote Continued)* —————————

law currently stands, Appellant's mandatory minimum sentence under 42 Pa.C.S. § 9714(a)(2) is not illegal. **See Commonwealth v. Hale**, 85 A.3d 570, 585 n.13 (Pa. Super. 2014) ("Prior convictions are the remaining exception to **Apprendi v. New Jersey**, 530 U.S. 466 (2000), and **Alleyne** …, insofar as a fact-finder is not required to determine disputed convictions beyond a reasonable doubt to comport with the Sixth Amendment jury trial rights.") (citing **Almendarez-Torres**, **supra**).

prohibited. That offense is defined in section 6105 of the Pennsylvania Uniform Firearms Act of 1995, as follows:

**(a) Offense defined.--**

(1) A person who has been convicted of an offense enumerated in subsection (b), within or without this Commonwealth, regardless of the length of sentence or whose conduct meets the criteria in subsection (c) shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth.

18 Pa.C.S. § 6105(a)(1). "It is axiomatic that a … charge under 18 Pa.C.S.[] § 6105, former convict not to possess a firearm, requires evidence that the defendant was previously convicted of a crime." *Commonwealth v. Jones*, 858 A.2d 1198, 1206 (Pa. Super. 2004).

As Appellant correctly points out, where a defendant has been charged with a section 6105 offense, as well as with other charges that do not require evidence of a prior conviction, this Court has held that the trial court abused its discretion by denying the defendant's motion to sever the 6105 charge. *See Jones*, 858 A.2d at 1208; *Commonwealth v. Galassi*, 442 A.2d 328 (Pa. Super. 1982); *Commonwealth v. Neely*, 444 A.2d 1199 (Pa. Super. 1982); *Commonwealth v. Carroll*, 418 A.2d 702 (Pa. Super. 1980). However, in each of those cases, "the jury [was] exposed to the fact that [the] particular defendant had previously committed a violent crime" when deciding his guilt of *not only* the 6105 offense, but *all* of the other charges, as well. *Jones*, 858 A.2d at 1207 (quoting *Carroll*, 418 A.2d at 704).

The same is not true in Appellant's case. Here, "[e]vidence of Appellant's prior conviction was not introduced during the first phase of the bifurcated trial. Once the jury reached its verdict during the first phase, the second portion of the trial commenced and the Commonwealth introduced evidence regarding Appellant's prior criminal record as it related to the § 6105 count." TCO at 4. Accordingly, the trial court concluded, and we agree, that Appellant was not prejudiced in his trial on the charges that did not require evidence of his prior conviction. Additionally, Appellant has not argued, let alone proven, that he suffered prejudice in his trial on the section 6105 charge. *See Mollett*, 5 A.3d at 305 (stating the appellant bears the burden of establishing prejudice); *see also Jones*, 858 A.2d at 1208 (finding that the defendant did not "suffer[] any prejudice on the § 6105 charge[,]" despite that that charge was tried together with his remaining offenses). Therefore, we conclude that the trial court did not abuse its discretion by denying Appellant's pretrial motion to sever.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/7/2015

- 6 -