J-S11008-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DARRYL ENGLISH | : | |
| | : | |
| Appellant | : | No. 792 EDA 2023 |

Appeal from the PCRA Order Entered March 17, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0006223-2017

BEFORE: BOWES, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY BOWES, J.: **FILED JULY 15, 2024**

Darryl English appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"). We affirm.

The PCRA court offered the following factual history underlying Appellant's convictions for aggravated assault, persons not to possess firearms, and possession of an instrument of crime ("PIC"):

> On February 22, 2017, Philadelphia Police received a report of a 911 call regarding a shooting on the 2400 block of North Patton Street in the city and county of Philadelphia, Pennsylvania. The 911 call reported a male gunshot victim being dragged by "a black male offender" toward a vacant lot. At the location the shooting victim, Lamont Randell ("[the victim]"), was [lying] on the sidewalk, his face covered in blood. He was transported to Temple University Hospital where he was treated for gunshot wounds to his face and back.
>
> Police recovered six . . . live .22 caliber bullets in front of 2443 Patton Street and one live .45 caliber bullet in front of 2434 Patton

_____

[*] Retired Senior Judge assigned to the Superior Court.

Street. Officers also observed blood smears on the steps and sidewalk in front of 2434 Patton Street, and blood on the sidewalk beside the vacant lot near 2434 Patton Street.

[The victim] testified that at the time of the shooting he had been walking to Erie Avenue after having left the home where his children resided. Upon reaching Patton Street, he encountered a male and a female standing together in the front doorway of a residence. [The victim] asked the female, who was smoking a cigarette on the step, if he could buy a cigarette from her. At this point the male stepped forward and said, "What the eff you said to my girl?" A confrontation ensued in which [the victim] called the male a "pussy." [The victim] turned back to the male and then heard two gunshots. He was shot in his left cheek and his spine. While hospitalized, [the victim] identified Appellant as the shooter in a photo array on March 9, 2017, and he provided a statement to detectives on March 14, 2017. [The victim] testified that he saw Appellant standing in the doorway holding a black handgun in his right hand and pointing the weapon at [the victim]. The streetlights were lit and [the victim] could clearly see Appellant's face and hear the two gunshots.

PCRA Court Opinion, 7/17/23, at 2-3.

Appellant was convicted following a jury trial and received an aggregate sentence of twenty to forty years' incarceration. We affirmed Appellant's judgment of sentence on direct appeal and Appellant filed a timely *pro se* PCRA petition. Appointed counsel filed an amended petition. The Commonwealth filed an answer and the PCRA court issued a notice of intent to dismiss, to which Appellant did not respond. The PCRA court thereafter dismissed the petition and Appellant filed a timely notice of appeal and complied with the court's order to file a Pa.R.A.P. 1925(b) statement. The PCRA court filed an opinion in response and Appellant raises the following issues for our consideration:

A. Whether the PCRA court was in error in not granting relief on the issue that counsel was ineffective[.]

    I. Whether appellate counsel was ineffective for failing to properly raise the issue of the trial court erring by improperly inserting itself into the trial and criticizing Appellant's trial counsel.

    II. Whether trial counsel was ineffective for failing to advise . . . Appellant regarding the proceeding regarding the charge of persons not to possess firearms, 18 Pa.C.S § 6105 and not handling the proceeding effectively.

    III. Whether trial counsel was ineffective for failing to object to the trial prosecutor's closing argument in which she improperly (a) stated as fact that she "knows" that the primary police witness for the Commonwealth is "not lying"; bolstered the credibility of the primary police witness with the argument that he would not "risk his pension" and had "everything to lose" by lying, and implored the jury to convict in order to "give [the victim] something back" by giving him "justice."

    IV. Whether trial counsel provided ineffective assistance of counsel by failing to conduct a proper pre-trial investigation which would have uncovered exculpatory evidence.

    V. Whether the cumulative prejudicial effect of the errors described in this petition denied Appellant due process and the effective assistance of counsel.

B. Whether the PCRA court was in error in failing to grant an evidentiary hearing on the above issues[.]

Appellant's brief at 7.

"Our standard of review is well settled. When reviewing the denial of a PCRA petition, we must determine whether the PCRA court's order is

supported by the record and free of legal error." ***Commonwealth v. Brensinger***, 218 A.3d 440, 447 (Pa.Super. 2019) (cleaned up). We apply a *de novo* standard of review to the PCRA court's legal conclusions. ***Commonwealth v. Chmiel***, 30 A.3d 1111, 1127 (Pa. 2011).

All of Appellant's claims challenge his attorneys' stewardship. "Counsel's performance is presumed constitutionally adequate, and will be deemed ineffective only upon a petitioner's three-pronged showing[.]" ***Commonwealth v. Dennis***, 950 A.2d 945, 954 (Pa. 2008). In ***Commonwealth v. Pierce***, 527 A.2d 973 (Pa. 1987), our Supreme Court recast the two-prong test set forth in ***Strickland v. Washington***, 466 U.S. 668 (1984), and requires a PCRA petitioner to show that: "(1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result." ***Commonwealth v. Sarvey***, 199 A.3d 436, 452 (Pa.Super. 2018). "A court is not required to analyze the elements of an ineffectiveness claim in any particular order of priority; instead, if a claim fails under any necessary element of the ineffectiveness test, the court may proceed to that element first." ***Commonwealth v. Tharp***, 101 A.3d 736, 747 (Pa. 2014).

Appellant's first claim quotes six exchanges between the trial court and his trial counsel, Mary Maran, Esquire, which he alleges are "instances where the trial court improperly inserted itself into the trial and criticized . . . trial counsel." Appellant's brief at 20. Appellant argues that direct appeal counsel was ineffective for failing to properly present the claim to this Court. The

Commonwealth counters that Appellant has not met his burden as he fails to discuss prejudice.

We begin with our direct appeal decision. Appellant raised the following issue in his unitary appellate brief: "Did the trial court err when it inappropriately inserted itself into the trial and criticized Appellant's trial counsel?" *Commonwealth v. English*, 248 A.3d 478, 2021 WL 101052 (Pa.Super. 2021) (non-precedential decision) (cleaned up). We pointed out that Appellant's concise statement only cited the trial court "stopping multiple witnesses while testifying" without any objection by the defense counsel. *Id*. at *5. We therefore concluded that any issue "concerning the trial court's alleged criticism of trial counsel . . . [wa]s waived." *Id*. We then addressed the preserved portion and deemed it waived for vague development in the concise statement.

Presently, Appellant contends that direct appeal counsel was ineffective for failing to properly present the claim for our review. The *Pierce*/*Strickland* prejudice prong requires the petitioner to establish "a reasonable probability that the outcome of his appeal would have been different had appellate counsel pursued the issues he currently proffers." *Commonwealth. v. Staton*, 120 A.3d 277, 295 (Pa. 2015). Applied here, Appellant is required to develop the meritorious arguments appellate counsel should have made.

Here, Appellant simply quotes parts of the transcript followed by the conclusory assertion that he "was prejudiced due to the hostility between [his] trial counsel and the trial court." Appellant's brief at 21. We agree with the

- 5 -

Commonwealth that Appellant has failed to carry his burden under the PCRA. "Critically, even now on appeal, [Appellant] still fails to develop his argument." Commonwealth's brief at 9. The bald claim of prejudice does not satisfy Appellant's burden.

Appellant's second issue involves his conviction for carrying a firearm as a person not to possess pursuant to 18 Pa.C.S. § 6105. The trial court bifurcated that charge since it entailed proof that Appellant had previously been convicted of a felony. *See Commonwealth v. Carroll*, 418 A.2d 702, 704 (Pa.Super. 1980) (holding that severance of § 6105 charge from other charges was required where the previous conviction was for a violent crime). Immediately prior to trial, the trial court announced, "we are bifurcating out the 6105." N.T., 10/30/18, at 9. While Appellant was present for this statement, it does not appear that he discussed the issue with his attorney, as corroborated by the following discussion, which occurred immediately prior to jury instructions:

> THE COURT: Did you explain to your client the bifurcation of 6105?
>
> MS. MARAN: I have not.
>
> . . . .
>
> THE COURT: Okay. Well, all I'm talking about is colloquying your client on the fact that the 6105 is not going to be submitted to the jury. However, it doesn't mean it goes away. It still stands as a separate charge --
>
> MS. MARAN: That's right.
>
> THE COURT: -- that we will deal with after the trial is over.

MS. MARAN: And does the [c]ourt have a standard practice how to deal with that?

THE COURT: You know, it depends on every case, really. If it's a guilty, you know, I ask the parties to do a stipulated trial on it. If it's not guilty, then the Commonwealth has to state its intention what it wants to do with it.

MS. MARAN: Okay. I just suppose the trickiness is if it's guilty on the PIC --

THE COURT: Well, if it's guilty on the PIC --

MS. MARAN: -- and not on -- I mean, when we cross that bridge.

THE COURT: -- if they still find him with a gun --

MS. MARAN: We can cross the bridge. I'm just musing, guilty on PIC but [not guilty] on the --

THE COURT: Okay.

N.T., 11/2/18, at 11-12.

The jury acquitted Appellant of the charges of carrying a firearm without a license and carrying a firearm within Philadelphia's city limits, but convicted him of PIC. The parties then discussed how to handle the § 6105 charge, with the discussion centering on the jury's not guilty verdicts:

THE COURT: It's an inconsistent verdict.

[COMMONWEALTH]: That might be based off the fact that maybe they didn't think he was on the streets of Philadelphia as opposed to being in a house, but if you have a firearm, you're not allowed to have a firearm inside of [the] house.

THE COURT: . . . . I mean, they wouldn't be confused with him being in the street in Philadelphia. They had the map. So it is an inconsistent verdict in regard to that. How would you like to proceed on the 6105?

N.T., 11/2/18, at 52.

- 7 -

The trial court suggested, among other possibilities, that if Appellant wanted the jury to decide the charge, the parties could stipulate to the prior conviction. Attorney Maran stated: "I'm just trying to think about it. This was the -- this was the dilemma that I was concerned we could be facing." *Id*. at 53. Counsel further remarked, "I need to consult with my client, Your Honor. In my [seventeen] years, I have never seen this." *Id*. at 54-55. Counsel then spoke with Appellant off the record.

Once back on the record, Attorney Maran informed the court that Appellant wished to have the jury consider the charge. The jury reconvened and was briefly instructed on the charge, as well as a stipulation that Appellant had previously been convicted in 2009 of an unspecified felony charge. The jury found him guilty after a short deliberation.

Appellant now contends that trial counsel "was ineffective for failing to advise" him regarding this proceeding. Appellant's brief at 22. He cites counsel's comment that this was the first time she encountered this scenario in her seventeen years of practice, characterizing this statement as establishing that counsel "was unable to effectively communicate what was occurring to . . . Appellant. This resulted in . . . Appellant unknowingly and unintentionally agreeing to a decision that objectively hurt his chance at a fair trial." *Id.* at 24. As a legal basis for relief, Appellant simply maintains that "an accused is entitled to a trial." *Id*. He continues: "He may waive his right to a jury and proceed to a non-jury trial or he may waive his right to a trial altogether and plead guilty, but he is entitled to a fair judicial proceeding to

determine whether he is guilty or not." *Id*. Additionally, "Appellant asserts that the trial court did not instruct the jury that . . . [he] was presumed innocent of this charge, that the jury could not draw an adverse inference from the fact that . . . [he] did not testify, or that the standard of proof was beyond a reasonable doubt." *Id*. at 25.[1]

The flaw in Appellant's presentation is that he does not identify how counsel provided ineffective assistance. Appellant is of course "entitled to a fair judicial proceeding" to determine guilt, but he fails to explain how submitting the charge to the jury deprived him of a fair proceeding. More importantly, Appellant's claim that he did not consent to having the jury decide the charge is belied by the record. As previously quoted, trial counsel consulted with Appellant off-the-record, followed by this exchange:

MS. MARAN: All right, Your Honor. We have reached a decision.

THE COURT: Okay. And that is?

MS. MARAN: To let the jury deliberate on the 6105 charge.

N.T., 11/2/18, at 55.

Accordingly, contrary to his representation that he "never consented to this procedure and did not understand his rights," Appellant's brief at 24,

---

[1] We reject Appellant's derivative complaints concerning the trial court's failure to repeat these basic jury instructions when the jury considered the person not to possess charge. In addition to Appellant's failure to specifically plead that trial counsel was ineffective for failing to object, Appellant does not address the principle that, "[a]bsent evidence to the contrary, the jury is presumed to have followed the trial court's instructions." *Commonwealth v. O'Hannon*, 732 A.2d 1193, 1196 (Pa. 1999). The jury was given these instructions during the first half of the bifurcated trial.

Appellant did consent to a jury trial. To the extent Appellant attempts to present an ineffective assistance of counsel claim relative to whatever counsel told him during their consultation, he fails to state what counsel said, let alone how those comments led him astray. *Cf. Commonwealth v. Nieves*, 746 A.2d 1102, 1104 (Pa. 2000) (holding that claim of erroneous advice concerning right to testify requires proof that "counsel gave specific advice so unreasonable as to vitiate a knowing and intelligent decision to testify on his own behalf"). Appellant cannot simply cite counsel's statement that she had never encountered this scenario in her career.[2] His failure to supply further discussion and development of this claim renders it waived.[3]

Appellant's third issue alleges that trial counsel ineffectively failed to object to the Commonwealth's argument in closing that the police officers should be found credible as they risked their careers and pensions by lying. Appellant submits that these comments inappropriately vouched for the officers' credibility. Appellant's brief at 28. Citing several of our sister jurisdictions in support, he argues that there is no evidence of record to

_____

[2] The comment presumably referenced the jury acquitting Appellant of two firearms charges while convicting him of PIC.

[3] Appellant's current counsel requests that we consider additional points that he has declined to brief, which Appellant listed in his *pro se* PCRA petition. "Appellant has asked PCRA counsel to also add the following problems with the proceeding on the § 6105 proceeding." Appellant's brief at 25. We may not do so. "Counsel's attempt to incorporate by reference, without any further explanation or elaboration upon the legal validity of such claims, amounts to hybrid representation, which is not permitted." *Commonwealth v. Johnson*, 179 A.3d 1153, 1157 (Pa.Super. 2018).

suggest that their pensions or employment were at risk. *Id*. at 27-29. Moreover, he posits that the comment detracted the jury from considering the facts of the case in favor of whether the officers' careers would be adversely affected by its verdict. The Commonwealth disagrees, relying on ***Commonwealth v. Cox***, 728 A.2d 923 (Pa. 1999), to establish that the prosecutor's comments were unobjectionable as fair response to Appellant's closing argument. We agree and therefore conclude that the claim lacks arguable merit.

Appellant's closing argument focused on the victim's credibility, which included an attack on the reliability of the photo array. He suggested that the victim's story for approaching Appellant made no sense and that Appellant had no reason to be hanging out in his own doorway with a gun. On that point, counsel highlighted that the array was presented less than twenty-four hours after the shooting. "[T]he photograph was pulled the day after the shooting and just coincidentally, right, it's a photograph of the guy who lives right there. Coincidentally." N.T., 11/1/18, at 197. Counsel continued:

> Let's talk about this double[-]blind procedure that's so important, that's so important that one person develops the array and somebody else delivers the array, you know, just like that. Testimony is so important to not taint, which is why we sequester witnesses, which didn't happen here.
>
> Now, the photo array, you heard Detective Repici tell you, you know, oh, I don't know. He first said the detectives went in first. I don't know when in the day they went in. I went in after. Oh, no, wait. We traveled there together. We traveled there together. That's the identification in this case. That's the only identification in this case. This is [a] one witness ID case where the physical evidence doesn't match the story, a one witness identification case

- 11 -

where the physical evidence doesn't match the story. I'll say it again. A one witness identification case, one civilian, one ID witness, where his story doesn't match the physical evidence. It's a one witness identification case where the identification was taken in a suggestive manner, where the physical evidence doesn't match the story.

*Id*. at 198-99. The Commonwealth responded in its closing as follows:

At no point does Detective Keppol have any skin in this game. He told you he doesn't know [Appellant]. He doesn't know [the victim]. He doesn't have any special connection to the 2400 block of Patton Street. So there's no reason for him to have to say that it's this man right here and risk his pension, embarrassment, prosecution for someone he doesn't know and for [the victim], who he doesn't know. Uh-uh, no way. No way. He puts him in the photo array just to make sure he gets it right and Detective Repici shows the photo array to the victim and also he's got no skin in the game. He has no connection to the investigation, so he's just going to show it to him to make sure they get it right and they do everything by the book one by one. Why? To make sure they're getting this right.

*Id*. at 216-17.

Citing *Cox*, the PCRA court concluded that the prosecutor's response was fair comment on Appellant's closing argument. We agree. In *Cox*, defense counsel in closing "repeatedly argued that the police officers lied when they testified that they did not promise [Cox] anything in exchange for his confessions," and also "claimed that the police fabricated" Cox's statements. *Cox*, 728 A.2d at 932. "In response to this theory, the prosecutor explained the police would be subject to charges of perjury," and argued that the police would not put "their pensions" on the line "just to frame [Cox]." *Id*. The *Cox* Court held that a prosecutor's statements "must be considered in the context in which they were made" and that the comments were "an appropriate

response to defense counsel's argument that the police had lied and fabricated [Cox]'s confession." *Id*.

Trial counsel's closing argument suggested that the police chose Appellant as a convenient scapegoat due to the police finding a bullet and bloodstains right outside his home, and then unduly pressured the victim to select that photograph. The prosecution was entitled to fairly respond to these accusations. Therefore, the claim that trial counsel was ineffective lacks arguable merit as any objection would have been meritless.

Appellant's fourth claim alleges that trial counsel was ineffective in failing to discover during pre-trial investigation that the victim posted videos on his Facebook account wherein he blamed someone else for the shooting. We begin with some background material. During trial, Appellant's counsel informed the court that one of Appellant's family members had provided her with an unspecified number of videos obtained from Facebook showing the victim holding a gun. Counsel stated: "The videos as I receive them lack a soundtrack. . . . I can't hear the contents of what is said." N.T., 11/1/18, at 145. Appellant submits that "counsel was ineffective for failing to present video footage of the complainant admitting that he did not know who shot him, contrary to his trial testimony." Appellant's brief at 29. Additionally, "PCRA counsel spoke with . . . Appellant's girlfriend, Brenda Bryant[,] who told PCRA counsel that she discovered the posting during the trial and that it was too late to bring in as trial had begun." *Id*. at 29-30.

As the U.S. Supreme Court has observed, "counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland*, 466 U.S. at 691. We accept *arguendo* that trial counsel's knowledge of the victim's social media posts would require further investigation under these circumstances. However, as explained *infra*, Appellant failed to meet his procedural and substantive obligations concerning what the videos purportedly show. Accordingly, any claim premised on counsel's failure to uncover said videos fails.

In *Commonwealth v. Reid*, 99 A.3d 427, 437 (Pa. 2014), Reid filed a timely PCRA petition attaching sworn declarations from several witnesses, all of whom would purportedly offer exculpatory evidence. Reid alleged that his trial counsel ineffectively failed to discover these witnesses and that he was prejudiced by that failure. The PCRA court declined to hold an evidentiary hearing. The *Reid* Court cogently summarized the applicable principles of law:

> There are two requirements for relief on an ineffectiveness claim for a failure to present witness testimony. The first requirement is procedural. The PCRA requires that, to be entitled to an evidentiary hearing, a petitioner must include in his PCRA petition a signed certification as to each intended witness stating the witness's name, address, date of birth and substance of testimony. The second requirement is substantive. Specifically, when raising a claim for the failure to call a potential witness, to obtain relief, a petitioner must establish that: (1) the witness existed; (2) the witness was available; (3) counsel was informed or should have known of the existence of the witness; (4) the witness was prepared to cooperate and would have testified on

defendant's behalf; and (5) the absence of such testimony prejudiced him and denied him a fair trial.

*Id*. at 438 (cleaned up).

Reid did not comply with the procedural requirements before the PCRA court and neglected to address the omission in his brief. "These failures are fatal to his claim." *Id*. On that basis alone, Reid was not entitled to relief. The Court proceeded in the alternative to examine each of the witnesses and concluded that the PCRA court did not err in denying the petition without a hearing.

As in *Reid*, Appellant is not entitled to relief due to both procedural and substantive deficiencies. First, as a procedural matter, Appellant did not include any kind of certification from Bryant concerning the content of her proposed testimony. We acknowledge that PCRA counsel represented that Bryant informed PCRA counsel that she found the video during trial. Sworn affidavits are not necessary, *see Commonwealth v. Pander*, 100 A.3d 626, 641 (Pa.Super. 2014) (*en banc*), but PCRA counsel's statement does not indicate that Bryant would testify to any particular facts. It merely confirms that Bryant would say that she discovered "the posting" during the trial. That does not tell us anything else about the video, and it is not clear whether her statement is referencing the one discussed at trial or some other video that

Bryant found.[4] Nor does the petition detail anything else about the recording. For this procedural reason alone, Appellant is not entitled to relief.

Appellant's claim also fails on substantive grounds. Even accepting that Bryant would testify that the victim posted a video to his Facebook page saying that someone else shot him, her testimony would be hearsay and inadmissible concerning what the victim said. Appellant does not argue that said hearsay would be subject to any exception and claims premised on pure hearsay do not entitle a petitioner to substantive relief. **See Commonwealth v. Yarris**, 731 A.2d 581, 592 (Pa. 1999) ("A claim which rests exclusively upon inadmissible hearsay is not of a type that would implicate the after-discovered evidence exception to the timeliness requirement, nor would such a claim, even if timely, entitle [Yarris] to relief under the PCRA."). The PCRA court therefore did not err in dismissing this claim.

Appellant's final ineffectiveness issue seeks relief based on the cumulative prejudice of all issues raised. Claims which are rejected for lack of arguable merit may not be accumulated; however, where the disposition is "grounded in lack of prejudice" a court may assess their cumulative impact. **Commonwealth v. Koehler**, 36 A.3d 121, 161 (Pa. 2012). Charitably accepting that our alternative analysis of Appellant's first issue constitutes a

---

[4] It seems that Appellant is discussing a separate video, as trial counsel confirmed that the material she viewed did not contain audio. Moreover, the video referenced at trial apparently only showed the victim holding a gun, whereas Appellant alleges that the victim in this video claims that someone else shot him.

determination that Appellant was prejudiced to some degree, that is the only issue which was resolved on prejudice grounds. Therefore, there can be no cumulative prejudice.

Lastly, Appellant argues that the PCRA court erred by failing to hold an evidentiary hearing. "To obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the PCRA court otherwise abused its discretion." ***Commonwealth v. Watkins***, 108 A.3d 692, 735 (Pa. 2014). The foregoing analysis demonstrates that there are no factual issues to resolve and the PCRA court did not err in dismissing the petition without a hearing.

For these reasons, we conclude that Appellant has failed to establish that the PCRA court erred in dismissing his petition. No relief is due.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/15/2024

- 17 -