J-S14030-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| SHAWN CARMICHAEL, | |
| Appellant | No. 1254 MDA 2016 |

Appeal from the PCRA Order March 28, 2016
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0005114-2012

BEFORE: GANTMAN, P.J., SHOGAN and STRASSBURGER,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                **FILED SEPTEMBER 20, 2017**

Appellant, Shawn Carmichael, brings this *pro se* appeal from the order denying his petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. This case returns to us after we remanded for the PCRA court to fully comply with Pa.R.A.P. 1925(a) and address the issues presented by Appellant in his Pa.R.A.P. 1925(b) statement. The matter is now ripe for our disposition, and we affirm.

We summarize the procedural history of this case as follows. After a shooting incident involving Appellant's fiancée, on August 6, 2012, the Commonwealth filed a criminal information charging Appellant with criminal attempt to commit first-degree murder, aggravated assault, person not to possess a firearm, discharge of a firearm into an occupied structure,

---
[*] Retired Senior Judge assigned to the Superior Court.

recklessly endangering another person ("REAP"), and resisting arrest.[1] On October 11, 2013, a jury found Appellant guilty of person not to possess a firearm, aggravated assault, REAP, and resisting arrest. On November 18, 2013, the trial court sentenced Appellant to serve an aggregate term of incarceration of ninety-three to 186 months. Appellant filed timely post-sentence motions, which the trial court denied following a hearing. Appellant then filed a timely appeal, and this Court affirmed Appellant's judgment of sentence on November 5, 2014. *Commonwealth v. Carmichael*, 113 A.3d 340, 372 MDA 2014 (Pa. Super. filed November 5, 2014) (unpublished memorandum). Appellant did not seek a petition for allowance of appeal with the Pennsylvania Supreme Court.

On December 18, 2014, Appellant filed, *pro se*, the instant PCRA petition. On September 28, 2015, the PCRA court appointed counsel to represent Appellant and scheduled a hearing for December 2, 2015. Counsel then filed a petition to withdraw and a no–merit letter pursuant to *Turner*/*Finley*.[2] On January 20, 2016, the trial court filed an order granting counsel permission to withdraw based upon a finding of a breakdown in the attorney-client relationship. The order of January 20, 2016, indicated that the PCRA court found one issue of arguable merit and appointed new counsel to represent Appellant at a PCRA hearing to be held on March 28, 2016.

---

[1] 18 Pa.C.S. §§ 901, 2702, 6105, 2707.1, 2705, and 5104, respectively.

[2] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

In an order dated March 28, 2016, and filed on April 18, 2016, the PCRA court found that Appellant's remaining issue was without merit.[3] This timely *pro se* appeal followed.[4] Both Appellant and the PCRA court have now fully complied with Pa.R.A.P. 1925.[5]

Appellant presents the following issues for our review:

I. WHETHER THE PRESENT APPEAL SHOULD BE QUASHED BASED ON APPELLANT'S FAILURE TO FILE A NOTICE OF APPEAL FOLLOWING THE ENTRY OF THE PCRA COURT'S JANUARY 14, 2016 ORDER DISMISSING SOME, BUT NOT ALL OF HIS CLAIMS FOR PCRA RELIEF?

---

[3] We note that PCRA counsel filed a motion to withdraw, relying upon previous PCRA counsel's no-merit letter, and the PCRA court granted counsel's request to withdraw.

[4] The record reflects Appellant's compliance with the prisoner mailbox rule. **See Commonwealth v. Wilson**, 911 A.2d 942, 944 (Pa. Super. 2006) (recognizing that under the "prisoner mailbox rule," a document is deemed filed when placed in the hands of prison authorities for mailing). Accordingly, Appellant's appeal is timely.

[5] In a memorandum decision filed on May 11, 2017, we ultimately remanded this matter to the PCRA court for the preparation of an additional Pa.R.A.P. 1925(a) opinion because the PCRA court's original Rule 1925(a) opinion "addressed only the timeliness of the appeal and failed to address the issues presented by Appellant in his Pa.R.A.P. 1925(b) statement." **Commonwealth v. Carmichael**, ___ A.3d ___, 1254 MDA 2016 (Pa. Super. filed May 11, 2017) (unpublished memorandum at *10). Specifically, we remanded this matter and directed the PCRA court to write an additional Pa.R.A.P. 1925(a) opinion within thirty days of the filing of our memorandum.

On June 8, 2017, the PCRA court drafted a Rule 1925(a) opinion. However, it failed to address all of the issues contained within Appellant's Pa.R.A.P. 1925(b) statement, as directed by this Court. Therefore, in an order filed on June 26, 2017, we again remanded this matter to the PCRA court for the completion of another Rule 1925(a) opinion to address the remaining issues raised by Appellant. The PCRA court has since authored an additional opinion as directed, and this case is now ripe for our disposition.

II. WHETHER THE PCRA COURT'S FINDING THAT THERE IS NO MERIT TO APPELLANT'S CLAIMS FOR PCRA RELIEF IS SUPPORTED BY THE RECORD?

Appellant's Brief at 4.

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." ***Commonwealth v. Stultz***, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting ***Commonwealth v. Henkel***, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)). This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. ***Commonwealth v. Rykard***, 55 A.3d 1177, 1183 (Pa. Super. 2012). We grant great deference to the PCRA court's findings that are supported in the record and will not disturb them unless they have no support in the certified record. ***Commonwealth v. Rigg***, 84 A.3d 1080, 1084 (Pa. Super. 2014).

In his first issue, Appellant argues that his appeal should not be quashed, as suggested by the PCRA court in its first Pa.R.A.P. 1925(a) opinion. Appellant's Brief at 12-14. Specifically, Appellant contends the PCRA court's allegation that his appeal is untimely, because Appellant failed to appeal from the order of January 20, 2016, lacks merit. ***Id***.

We previously addressed this issue in detail in our memorandum filed on May 11, 2017. ***Carmichael***, 1254 MDA 2016 (unpublished memorandum at *3-*9). In so doing, we agreed with Appellant that the instant appeal is

properly before this Court. Accordingly, we need not revisit our disposition of Appellant's first issue.

In his second issue, Appellant argues that the PCRA court erred in dismissing his PCRA petition. Appellant's Brief at 14-20. Specifically, Appellant contends that the PCRA court erred in finding that four claims of ineffective assistance of counsel lacked merit.

Appellant's claim challenges the effective assistance of trial and appellate counsel. Our Supreme Court has long stated that in order to succeed on a claim of ineffective assistance of counsel, an appellant must demonstrate (1) that the underlying claim is of arguable merit; (2) that counsel's performance lacked a reasonable basis; and (3) that the ineffectiveness of counsel caused the appellant prejudice. *Commonwealth v. Pierce*, 786 A.2d 203, 213 (Pa. 2001).

We have explained that trial counsel cannot be deemed ineffective for failing to pursue a meritless claim. *Commonwealth v. Loner*, 836 A.2d 125, 132 (Pa. Super. 2003) (*en banc*). Moreover, with regard to the second prong, we have reiterated that trial counsel's approach must be "so unreasonable that no competent lawyer would have chosen it." *Commonwealth v. Ervin*, 766 A.2d 859, 862-863 (Pa. Super. 2000) (quoting *Commonwealth v. Miller*, 431 A.2d 233 (Pa. 1981)).

Our Supreme Court has discussed "reasonableness" as follows:

> Our inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the

- 5 -

particular course chosen by counsel had *some reasonable* basis designed to effectuate his client's interests. The test is not whether other alternatives were more reasonable, employing a hindsight evaluation of the record. Although weigh the alternatives we must, the balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decision had any reasonable basis.

*Commonwealth v. Pierce*, 527 A.2d 973, 975 (Pa. 1987) (quoting *Commonwealth ex rel. Washington v. Maroney*, 235 A.2d 349 (Pa. 1967)) (emphasis in original).

In addition, we are mindful that prejudice requires proof that there is a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different. *Pierce*, 786 A.2d at 213. "A failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness." *Commonwealth v. Daniels*, 963 A.2d 409, 419 (Pa. 2009) (citing *Commonwealth v. Sneed*, 899 A.2d 1067 (Pa. 2006)). Thus, when it is clear that a petitioner has failed to meet the prejudice prong of an ineffective-assistance-of-counsel claim, the claim may be disposed of on that basis alone, without a determination of whether the first two prongs have been met. *Commonwealth v. Baker*, 880 A.2d 654, 656 (Pa. Super. 2005).

It is presumed that the petitioner's counsel was effective, unless the petitioner proves otherwise. *Commonwealth v. Williams*, 732 A.2d 1167, 1177 (Pa. 1999). Moreover, we are bound by the PCRA court's credibility determinations where there is support for them in the record.

*Commonwealth v. Battle*, 883 A.2d 641, 648 (Pa. Super. 2005) (citing *Commonwealth v. Abu-Jamal*, 720 A.2d 79 (Pa. 1998)).

Appellant's first claim of ineffective assistance is that his trial counsel improperly failed to "move for severance of the charge of Prohibited Possession of a Firearm from the other charges for which [Appellant] was on trial, and actually stipulated that [Appellant] was, in fact, an individual who was legally prohibited from possessing a firearm." Appellant's Brief at 16-17. As Appellant aptly observes, where a defendant has been charged with a Section 6105 offense, as well as with other charges that do not require evidence of a prior conviction, this Court has held that the trial court abused its discretion by denying the defendant's motion to sever the Section 6105 charge. *Commonwealth v. Jones*, 858 A.2d 1198, 1208 (Pa. Super. 2004); *Commonwealth v. Galassi*, 442 A.2d 328 (Pa. Super. 1982); *Commonwealth v. Neely*, 444 A.2d 1199 (Pa. Super. 1982); *Commonwealth v. Carroll*, 418 A.2d 702 (Pa. Super. 1980). The rationale underlying the above cited decisions is that introduction of evidence of a predicate offense prejudices the defendant on remaining charges where evidence of the predicate offense is not relevant to the remaining charges.

The PCRA court addressed Appellant's claim of ineffective assistance of counsel for failing to seek severance of Appellant's charge of prohibited possession of a firearm as follows:

> First, [Appellant] has failed to show that but for counsel's failure to move for severance there is a reasonable probability

that the outcome of the proceedings would have been different. Pennsylvania Rules of Criminal Procedure permits a [c]ourt to "order separate trials of offenses . . . if it appears that any party may be prejudiced by offenses or defendants being tried together." Pa.R.Crim.P. Rule 583. Here, [Appellant] was acquitted of two [of] the most serious charges, Attempted Homicide and a higher graded Aggravated Assault and thus it does not appear that [Appellant] was unduly prejudiced by trial counsel not moving to sever the charge.

Additionally, this [c]ourt finds that trial counsel was not ineffective for stipulating to the fact that [Appellant] is a person not to possess a firearm. Trial counsel's decision to stipulate to that fact that [Appellant] is a person not to possess a firearm is considered trial strategy. When evaluating a particular aspect of counsel's trial strategy, this [c]ourt must look to see if counsel had a reasonable basis for his act or omission. "If a reasonable basis exists for the particular course chosen by counsel, the inquiry [into effectiveness] ends and counsel's performance is deemed constitutionally effective." Commonwealth v. Abdul-Salaam, 808 A.2d 558, 561 (Pa. 2001), reconsideration denied, 2002. In examining "reasonable basis," "the PCRA court 'does not question whether there were other more logical courses of action which counsel could have pursued; rather, [the court] must examine whether counsel's decisions had any reasonable basis.'" Commonwealth v. Bardo, 105 A.3d 678, 684 (Pa. 2014) (quoting Commonwealth v. Roney, 79 A.3d 595, 604 (Pa. 2013)).

Here, by stipulating to such a fact, trial counsel effectively prevented the Commonwealth from revealing [Appellant's] prior record, which includes numerous felonies, to the jury. Thus, this [c]ourt finds trial counsel's decision was a rational trial strategy and counsel had a reasonable basis for stipulating to the fact that [Appellant] was a person not to possess a firearm. As such, this [c]ourt deems trial counsel's performance to be constitutionally effective and finds [Appellant's] claim lacks merit.

PCRA Court Opinion, 6/8/17, at 8-9.

The PCRA court determined that Appellant failed to establish two prongs of the ineffectiveness test. Specifically, the PCRA court concluded

trial counsel made a strategic decision to stipulate that Appellant was not to possess a firearm and Appellant did not suffer prejudice because the jury rendered verdicts of not guilty with respect to several charged crimes. The PCRA court's analysis is supported by the record and the law, and we agree with its determination that Appellant failed to meet his burden to prove that trial counsel was ineffective. Accordingly, Appellant's first allegation of ineffective assistance fails.

In his second challenge to trial counsel's effective assistance, Appellant argues that counsel improperly failed to investigate and present evidence regarding Appellant's diagnosis of Type II Diabetes. Appellant's Brief at 17-18. Appellant contends that his illness could have provided an explanation for his memory loss and erratic behavior during the incident and served as a valid defense.

Counsel has "a general duty to undertake reasonable investigations" and make "reasonable decisions that render particular investigations unnecessary." *Commonwealth v. Johnson*, 966 A.2d 523, 535 (Pa. 2009) (citations omitted). "[W]e only inquire whether counsel had any reasonable basis for his actions, not if counsel pursued the best available option." *Commonwealth v. Philistin*, 53 A.3d 1, 9-10 (Pa. 2012) (citations and internal quotation marks omitted).

The PCRA court reviewed this claim of ineffective assistance as follows:

> Here, [Appellant] argues that trial counsel was ineffective for failing to present evidence of [Appellant's] Type II Diabetes

in order to explain [Appellant's] stated memory loss and erratic behavior. As previously stated, in order to demonstrate that trial counsel was ineffective for failing to investigate and present evidence of [Appellant's] Diabetes diagnosis, [Appellant] must show that his underlying claim has merit, no reasonable basis existed for trial counsel's conduct, and there exists a reasonable probability that, but for trial counsel's act or omission, the outcome of the proceeding would have been different. Pierce, at 213. For the following reasons, this [c]ourt finds [Appellant] has failed to meet his burden.

This [c]ourt finds that a reasonable basis existed for trial counsel not to investigate or present such evidence to the jury. During the trial, [Appellant] testified that he had "never seen [the gun used in the shooting] a day in [his] life," and he "did not possess that weapon." (N.T. Trial, November 7-11, 2013, at 446). [Appellant] denied being the shooter and testified that he was the one who was the target of the shots. (Id. at 448). Thus, if trial counsel had presented evidence of [Appellant's] Type II Diabetes as an explanation for [Appellant's] erratic behavior and alleged memory loss, it would have contradicted [Appellant's] direct testimony that he was not involved in the shooting. Thus, a reasonable basis existed for trial counsel not to present evidence of [Appellant's] diagnosis as a defense to the crime.

PCRA Court Opinion, 6/8/17, at 10-11.

We discern no error in the PCRA court's determination that trial counsel's failing to pursue evidence regarding Appellant's diagnosis of Type II Diabetes and its ramifications upon Appellant's mental state amounted to ineffective assistance. In light of the defense Appellant presented at trial, this constituted a reasonable trial strategy. Therefore, Appellant's claim lacks merit.

Appellant's third allegation of ineffective assistance of trial counsel pertains to counsel's handling of *voir dire*. Appellant's Brief at 18.

- 10 -

Specifically, Appellant claims that trial counsel was ineffective for failing to take curative measures after a potential juror stated, in the presence of the entire jury pool, that a criminal defendant must have something to hide in the event the defendant does not take the witness stand and testify. *Id*. Appellant alleges that due to this statement from the potential juror, he was compelled to testify. *Id*.

We are mindful that "[t]he mere fact that jurors may show some *indicia* of pretrial prejudice is not enough to require that they be stricken from the jury[;]" the law requires that jurors, after admitting a bias, "be able to put aside their prejudices and determine guilt or innocence on the facts presented." ***Commonwealth v. Blasioli***, 685 A.2d 151, 159 (Pa. Super. 1996). In addition, it is well settled that "the law presumes that the jury will follow the instructions of the [trial] court." ***Philistin***, 53 A.3d at 18.

The PCRA court addressed this claim of ineffective assistance of counsel as follows:

> This [c]ourt finds [Appellant's] claim is wholly without merit. Here, [Appellant] claims counsel was ineffective for failing to take corrective action when juror #488 stated, during voir dire, that in his view, if a criminal defendant does not take the stand and testify in his own defense, he must have something to hide. However, trial counsel requested juror #488 to be struck for cause, and, juror #488 ultimately did not sit on the trial panel. Additionally, Attorney Blake questioned the other jury pool members' ability and willingness to respect [Appellant's] right to remain silent, and no other juror expressed similar feelings. Additionally, the [c]ourt's preliminary instruction to the jury instructed the jury regarding the Commonwealth's burden of proof and the fact that [Appellant] had no burden to prove his innocence.

- 11 -

This [c]ourt does not find the mere expression of a prospective juror's personal opinion concerning [Appellant's] failure to testify so prejudicial as to require a new pool of jurors. Thus, counsel's failure to request a new pool does not render him ineffective so as to afford [Appellant] relief. Our Superior Court has held, "The purpose of voir dire is to draw out any bias or prejudice and thereby facilitate the removal of jurors with predisposed opinions." Commonwealth v. Croll, 480 A.2d 266, 273 (Pa. Super. 1984). Juror #488's statement about [Appellant's] right to remain silent, [was] nothing more than his personal opinion, and aside from asking the entire pool if anyone else felt similar, did not require an extreme remedy such as striking the entire venire.

Additionally, [Appellant's] decision to take the stand in his own defense was his own. [Appellant] does not assert that he was coerced into doing so. Therefore, because this [c]ourt concludes that juror #488's statements did not warrant the dismissal of the entire pool, and Attorney Blake's follow up question to the entire panel was appropriately curative[,] we deem trial counsel's performance to be constitutionally effective and find [Appellant's] claim lacks merit.

PCRA Court Opinion, 7/25/17, at 8-10.

Again, we discern no error in the PCRA court's conclusion that this claim lacks merit. Trial counsel's conduct in requesting that juror #488 be stricken for cause and questioning the remaining jurors about their ability to respect a defendant's right to remain silent constituted a reasonable trial strategy. Furthermore, in light of the trial court's instructions to the jury regarding the appropriate burdens of proof, we conclude the PCRA court's decision to reject this ineffectiveness claim is correct. Appellant cannot demonstrate any resulting prejudice from trial counsel's decision. Hence, Appellant's claim fails.

Appellant's final claim of ineffective assistance pertains to direct appeal counsel's failure to properly brief issues. Appellant's Brief at 19. Appellant contends that his claims challenging the sufficiency and weight of the evidence were deemed waived by this Court due to appellate counsel's failure to present the issues in the argument portion of his appellate brief presented on direct appeal. *Id*.

We observe that claims of ineffective assistance of counsel are not self-proving. *Commonwealth v. Wharton*, 811 A.2d 978, 986 (Pa. 2002). "[A] post-conviction petitioner must, at a minimum, present argumentation relative to each layer of ineffective assistance, on all three prongs of the ineffectiveness standard…." *Commonwealth v. D'Amato*, 856 A.2d 806, 812 (Pa. 2004). "[A]n underdeveloped argument, which fails to meaningfully discuss and apply the standard governing the review of ineffectiveness claims, simply does not satisfy Appellant's burden of establishing that he is entitled to relief." *Commonwealth v. Bracey*, 795 A.2d 935, 940 n.4 (Pa. 2001). In addition, we note that where an appellant is not entitled to relief with regard to the underlying claim upon which his ineffectiveness claim is premised, he is not entitled to relief with regard to his ineffectiveness claim. *Commonwealth v. Ousley*, 21 A.3d 1238, 1246 (Pa. Super. 2011).

The PCRA court addressed this claim of ineffective assistance in the context of failing to present the issues of sufficiency and weight of the

evidence to the trial court in a post-sentence motion, and concluded that the

claims lacked merit, as follows:

> Here, [Appellant] argues that appellate counsel, who was also trial counsel, was ineffective for failing to file a post-sentence motion asserting the verdict in his trial was against the weight and sufficiency of evidence to sustain his convictions. However, [Appellant's] claim fails for many reasons.
>
> In his PCRA petition, [Appellant], other than simply asserting he should be afforded relief because Attorney Blake did not address the challenges listed *supra* in his post-sentence motion, failed to address the merits of his claims. As previously stated, in order to demonstrate that trial counsel was ineffective, particularly for failing to address an asserted challenge to the sufficiency and weight of the evidence in his appeal thus waiving the issues for review, [Appellant] must show that (1) his underlying claim has merit; (2) no reasonable basis existed for trial counsel's conduct; and, (3) there exists a reasonable probability that, but for trial counsel's act or omission, the outcome of the proceeding would have been different. Pierce, at 213. This [c]ourt finds [Appellant] has failed to meet his burden and his claim is denied for failure to discuss, let alone substantiate, the elements listed *supra*.
>
> Further, this [c]ourt finds that even if [Appellant] had addressed the elements listed *supra*, [Appellant] did not suffer prejudice as a result of Attorney Blake not addressing a sufficiency and weight of the evidence claim in his post-sentence motion, thus effectively waiving the issues for appeal, because the verdict in [Appellant's] case was not against the weight and sufficiency of the evidence.
>
> The appellate courts have made clear that "a new trial should be awarded when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial in imperative so that right may be given another opportunity to prevail." Commonwealth v. Brown, 648 A.2d 1177, 1189 (Pa. 1994), quoting Thompson v. City of Philadelphia, 493 A.2d 669, 672 (Pa. 1985). Upon review of the entire record, this [c]ourt's sense of justice was not shocked by the verdict.

Further, "[a] claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt." Commonwealth v. Widmer, 744 A.2d 745, 751-[7]52 (Pa. 2000) (internal citations, footnotes, and quotation marks omitted). Again, based on this [c]ourt's review of the record, we find that the Commonwealth presented evidence to overwhelmingly establish each element of each convicted offense. Thus, this [c]ourt asserts that had Attorney Blake filed a post-sentence motion raising a claim that the verdict was against the sufficiency of the evidence, the claim would have failed.

PCRA Court Opinion, 7/25/17, at 10-12.

Instantly, Appellant's argument in this regard amounts to mere allegations of appellate counsel's ineffective assistance and lacks any discussion of the prejudice prong of the **Pierce** test. As we previously stated, claims of ineffective assistance of counsel are not self-proving. **Wharton**, 811 A.2d at 986. A PCRA petitioner must present argumentation relative to all three prongs of the ineffectiveness standard. **D'Amato**, 856 A.2d at 812. Moreover, Appellant has failed to establish that he would be entitled to relief on the underlying claims upon which this issue of ineffectiveness is premised. **Ousley**, 21 A.3d at 1246. Indeed, as expressed by the above cited language of the PCRA court, the claims challenging the sufficiency and weight of the evidence lack merit. Accordingly, Appellant's undeveloped claim of direct appeal counsel's ineffective assistance fails.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/20/2017