J-S65009-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMES EDWARDS COLE | |
| Appellant | No. 1526 WDA 2015 |

Appeal from the Judgment of Sentence September 2, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0013244-2013

BEFORE:  LAZARUS, J., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED NOVEMBER 16, 2016**

James Edwards Cole appeals from the judgment of sentence entered in the Court of Common Pleas of Allegheny County after his conviction, in a non-jury trial, for various firearms, drug, and traffic offenses.[1]  Upon careful review, we affirm.

The salient facts of this case have been gleaned from the trial court's opinion and are as follows.  On September 12, 2013, McKeesport Police Officer Steve Kondrosky was on patrol when he observed a blue Hyundai

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Cole was convicted of the following offenses:  possession of firearm prohibited, 18 Pa.C.S.A. § 6105(a)(1); firearms not to be carried without a license, 18 Pa.C.S.A. § 6106(a)(1); resisting arrest, 18 Pa.C.S.A. § 5104; possession of marijuana, 35 P.S. § 780-113(a)(31); carrying a loaded weapon, 18 Pa.C.S.A. § 6106.1(a); and improper signal, 75 Pa.C.S.A. § 3334(b).

travelling eastbound on East Fifth Avenue. The vehicle was travelling in a prohibited driving lane and made an illegal left turn across three lanes of traffic onto the Duquesne McKeesport Bridge without using a signal. Officer Kondrosky pursued the vehicle, which finally pulled over after approximately one half of a mile, on Route 837 and Cochran Street in Duquesne.

Officer Kondrosky approached the car's driver, subsequently identified as Cole, and requested his license, insurance and registration information. Cole provided the officer with his license, but indicated that he was not the car's owner and could not find the insurance or registration. Officer Kondrosky advised Cole that the documents could usually be found either in the center console or glove compartment. However, Cole responded that he did not want to go in the glove box. Officer Kondrosky testified that Cole appeared nervous. Officer Kondrosky told Cole not to make any sudden movements while he waited for the dispatch center to respond with information regarding Cole's license.

While Officer Kondrosky waited to hear from dispatch, he observed Cole lean over to the passenger-side of the vehicle, nearly disappearing from his line of sight. Officer Kondrosky told Cole to sit up and stop reaching around and Cole complied. Due to Cole's movements and behavior, Officer Kondrosky called for backup. Lieutenant Connor Craig, a K-9 officer, Sergeant Mark Steele and Detective Vandelli Summers responded to the scene. As they arrived, Officer Kondrosky again approached Cole's vehicle, at which point Cole again began to reach toward the passenger-side floor.

Officer Kondrosky yelled to Cole to sit up and stop reaching and proceeded to unholster his weapon, as he was not sure whether Cole was reaching for a gun. At that point the three backup officers had arrived, and they all approached the vehicle together.

Officer Kondrosky asked Cole why he had disobeyed his order not to reach around in the vehicle, at which time he detected the odor of marijuana and informed Cole of what he smelled. Officer Kondrosky then observed that Cole was sweating profusely and was unable to complete a sentence because he was so shaken up. As a result of Cole's actions, movements and demeanor, Officer Kondrosky asked Cole to exit the vehicle. Cole replied, "for what?" and placed his foot on the brake as he reached for the center gearshift. Officer Kondrosky then pointed his weapon at Cole and informed him that he was not free to leave. After a few more demands by Officer Kondrosky, Cole exited the vehicle. Cole was placed at the rear of his vehicle. Officer Kondrosky informed Lieutenant Craig of Cole's nervousness and movement while in the vehicle. As a result, Lieutenant Craig went to the passenger side of the vehicle and, through the window, observed what appeared to be the butt of a firearm protruding from the passenger seat floorboard. He stated "gun" to the other officers, at which time Cole fled across Route 837 as Sergeant Steele grasped the back of his shirt. Lieutenant Craig deployed his taser on Cole's back, after which Cole was taken into custody. Lieutenant Craig recovered the firearm and another

officer located a baggie containing a small amount of marijuana in the vehicle.

Prior to trial, Cole filed a motion to suppress the firearm and marijuana, which the trial court denied. Cole also filed a motion to sever as to the possession of firearm prohibited charge, which the court also denied. A non-jury trial was held before the Honorable Philip A. Ignelzi on February 18, 2015, after which the court found Cole guilty of the above charges. On September 2, 2015, the court sentenced Cole to a term of three to six years' imprisonment on the possession of firearm prohibited charge and imposed no further penalty on the remaining counts. Cole did not file post-sentence motions. He filed a timely notice of appeal to this Court on October 2, 2015, followed by a court-ordered statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Cole raises the following issues for our review:

1. Whether the trial court erred in failing to sever [Cole's] charge of [p]ossession of [f]irearm [p]rohibited . . . from his other charges[?]

2. Whether the evidence was insufficient as a matter of law to support [Cole's] convictions for [possession of firearm prohibited and firearm not to be carried without a license]?

Brief of Appellant, at 4.

Cole first alleges that the trial court erred in failing to grant severance as to the charge of possession of firearm prohibited. A motion for severance is addressed to the sound discretion of the trial court, and its decision will

not be disturbed absent a manifest abuse of discretion. ***Commonwealth v. Melendez-Rodriguez***, 856 A.2d 1278, 1282 (Pa. Super. 2004) (citation omitted). In reviewing the decision of the trial court, the critical consideration is whether the defendant was prejudiced by the trial court's decision not to sever. ***Commonwealth v. Lopez***, 739 A.2d 485, 501 (1999). The Pennsylvania Supreme Court has reiterated the appropriate three-part test under this rule:

> the court must determine: [1] whether the evidence of each of the offenses would be admissible in a separate trial for the other; [2] whether such evidence is capable of separation by the jury so as to avoid danger of confusion; and, if the answers to these inquiries are in the affirmative; [3] whether the defendant will be unduly prejudiced by the consolidation of offenses.

***Melendez-Rodriguez***, 856 A.2d at 1283 (citations and ellipses omitted). A defendant bears the burden of establishing prejudice. ***Lopez***, 739 A.2d at 501.

Here, Cole was charged with persons not to possess firearms pursuant to section 6105 of the Crimes Code, which provides, in relevant part, as follows:

> (1) A person who has been convicted of an offense enumerated in subsection (b), within or without this Commonwealth, . . . shall not possess . . . a firearm in this Commonwealth.

18 Pa.C.S.A. § 6105(a)(1). Cole was previously convicted of rape, along with other disabling felonies enumerated in subsection (b) of section 6105. As such, Cole's criminal record constituted one of the elements of proof necessary to the Commonwealth's case. The trial court concluded that Cole

would suffer no prejudice if severance were not granted and that "since the [c]ourt [sat] as trier of fact . . . [it could] sort out any prior charges that Mr. Cole had" and apply the law as required.

Cole asserts that the introduction of his criminal record required that the trial court sever the charge of persons not to possess from the remaining charges because "[t]he prejudice that comes from the introduction of conviction for crimes of violence is a special type of prejudicial evidence [sic]." Brief of Appellant, at 17. Cole argues that

> [t]o distinguish between requiring severance in situations where a defendant requests a jury trial from those in which a defendant proceeds to a non-jury trial, is a slippery slope. Judges are human. What type of things bias us may be known but how they do so is not. It is simply impossible to say not only that a trial judge may not have been improperly motivated by certain things in reaching a decision but it is impossible for any human being to say something did not impact him or her. In other words, it is easy for a trial judge to say he or she was able to not improperly consider certain inflammatory evidence. It is quite another for a trial judge, being a human being, to actually know if that was true.

*Id.* at 16-17.

In support of his claim, Cole cites to several cases in which this Court held that a charge under section 6105 must be severed from other charges where a defendant opts to proceed to trial and where evidence of the prior crime is not otherwise admissible to prove motive, intent, absence of mistake, common scheme or identity. *See Commonwealth v. Jones*, 858 A.2d 1198 (Pa. Super. 2004); *Commonwealth v. Neely*, 444 A.2d 1199 (Pa. Super. 1982); *Commonwealth v. Galassi*, 442 A.2d 328 (Pa. Super.

1982); and **Commonwealth v. Carroll**, 418 A.2d 702 (Pa. Super. 1980). However, these cases are all distinguishable from the case at bar because they were tried before juries and not before a judge.

Cole also attempts to distinguish the case relied upon by the trial court, **Commonwealth v. Gribble**, 863 A.2d 455 (Pa. 2004). In that case, our Supreme Court held that the trial court did not err in declining to sever the defendant's trial from that of his co-defendant. In doing so, the Court concluded that the defendant was not prejudiced because he was tried in a bench trial, in which

> [t]he learned trial judge is assumed to be able to separate the evidence that was admitted against the co-defendant alone and that which was admitted against appellant. Appellant's present claim of prejudice is premised upon an assumption that the trial judge was unable to consider the evidence only for its intended evidentiary purpose. That assumption is contrary to settled law.

**Id.** at 462. Cole asserts that **Gribble** is distinguishable because it addresses severance of trials rather than charges. Under the circumstances of this case, we find that to be a distinction without a difference. In both scenarios, the trial court, sitting as finder of fact, is presented with evidence that is admissible for one purpose and not for another, and is tasked with considering the evidence only for its intended purposes. As our Supreme Court noted, it is settled law that judges are capable of doing just that. **See id.** As this Court has previously stated,

> Judges, . . . by virtue of their legal training and professional experience[,] can be expected to sift through the evidence, critically analyze it, and discard that which is not properly

- 7 -

presented. As a result, an appellate court can more readily presume proper decision making when the trier of fact is a judge.

***Commonwealth v. Walls***, 415 A.2d 890, 893 (Pa. Super. 1979) (citation omitted). Accordingly, inasmuch as the Supreme Court concluded in ***Gribble*** that a trial judge is capable of separating evidence admitted against one co-defendant alone from that admitted against another co-defendant in the same trial, we find that a trained, experienced jurist is capable of considering evidence of a defendant's prior convictions only for the purpose for which it is admissible.

In any event, Cole has failed to demonstrate how he was prejudiced by the court's alleged abuse of discretion.

An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record.

***Commonwealth v. Tyson***, 119 A.3d 353, 357-58 (Pa. Super. 2015). Here, there is no evidence that the court exhibited any bias or ill-will toward Cole. To the contrary, at sentencing, the court gave Cole a "break," ***see*** N.T. Sentencing, 9/2/15, at 33, and imposed the minimum sentence for his violation of section 6105. Moreover, Cole received no further penalty on the remaining convictions. Accordingly, as the Commonwealth points out in its brief, Cole was not penalized for the charges on which he was allegedly prejudiced by the admission of the prior conviction evidence.

For all the foregoing reasons, Cole's first claim is meritless.

Cole next asserts that the evidence was insufficient to sustain his convictions for possession of firearm prohibited and firearm not to be carried without a license. Specifically, Cole argues that the evidence was insufficient to prove either actual or constructive possession of the firearm located under the passenger-side seat. There is no merit to this claim.

> As a general matter, our standard of review of sufficiency claims requires that we evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.
>
> The Commonwealth may sustain its burden by means of wholly circumstantial evidence. Accordingly, the fact that the evidence establishing a defendant's participation in a crime is circumstantial does not preclude a conviction where the evidence coupled with the reasonable inferences drawn therefrom overcomes the presumption of innocence. Significantly, we may not substitute our judgment for that of the fact finder; thus, so long as the evidence adduced, accepted in the light most favorable to the Commonwealth, demonstrates the respective elements of a defendant's crimes beyond a reasonable doubt, the appellant's convictions will be upheld.

*Commonwealth v. Franklin*, 69 A.3d 719, 722–23 (Pa. Super. 2013) (internal citations and punctuation omitted).

Possession of a firearm is an essential element of the two statutes at issue in this claim, and is the only element challenged by Cole on appeal. Where possession is an element of a crime, the Commonwealth may

demonstrate actual or constructive possession. Here, the firearm was not located on Cole's person. Thus, the Commonwealth was required to establish constructive possession.

> Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not. We have defined constructive possession as conscious dominion. We subsequently defined conscious dominion as the power to control the contraband and the intent to exercise that control. To aid application, we have held that constructive possession may be established by the totality of the circumstances.

*Commonwealth v. Hopkins*, 67 A.3d 817, 820 (Pa. Super. 2013) (citation omitted). Possession may be shown by circumstantial evidence. *Commonwealth v. Bentley*, 419 A.2d 85, 87 (Pa. Super. 1980)

Here, the evidence showed that Cole was the driver and sole occupant of a vehicle in which a firearm was found within arms-reach of the driver's seat. Officer Kondrosky testified that Cole repeatedly leaned over and appeared to reach for something on the passenger-side of the vehicle before being instructed to stop. Moreover, Cole demonstrated consciousness of guilt by acting nervous and "shaken up" and sweating profusely. Cole also attempted to flee across Route 837 before finally being tasered and taken into custody. The conduct of an accused following a crime, including "manifestations of mental distress," is admissible as tending to show guilt. *Commonwealth v. Hughes*, 865 A.2d 761, 792 (Pa. 2004). Based upon the totality of the circumstances, we conclude that the Commonwealth's evidence was sufficient to establish that Cole had constructive possession of

the firearm and, therefore, was sufficient to support his convictions for possession of firearm prohibited and firearm not to be carried without a license.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/16/2016