J-S42012-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHRISTOPHER ADAM WIRTH | : | |
| | : | |
| Appellant | : | No. 263 MDA 2018 |

Appeal from the PCRA Order January 2, 2018
In the Court of Common Pleas of Union County Criminal Division at
No(s):  CP-60-CR-0000110-2012

BEFORE:   BOWES, J., McLAUGHLIN, J., and STRASSBURGER*, J.

MEMORANDUM BY BOWES, J.:                       **FILED AUGUST 27, 2018**

Christopher Adam Wirth appeals from the January 2, 2018 order denying PCRA relief.  After thorough review, we affirm.

On January 7, 2012, Appellant was the driver of an automobile involved in a single-vehicle accident that resulted in the death of Allison Vonneida, and serious injuries to himself and a backseat passenger, Desiree Cronin.  He was subsequently charged with homicide by vehicle while driving under the influence (DUI), aggravated assault by vehicle while DUI, homicide by vehicle, accident involving death/personal injury while not properly licensed, DUI, driving under suspension, and other related offenses.  At trial in February 2013, evidence was adduced that the vehicle was traveling at ninety-one miles per hour when it left the two-lane road on a curve.  Appellant's blood alcohol was .13 within two hours of the accident, and he was unlicensed at the time.  Appellant was convicted by a jury of all charges, and subsequently sentenced

_____
*   Retired Senior Judge assigned to the Superior Court.

in the aggregate to eight years and ten months to twenty-five years imprisonment.[1]

After the court denied Appellant's timely post-sentence motion, he appealed. A panel of this Court affirmed judgment of sentence and our Supreme Court denied allowance of appeal on May 12, 2015. ***Commonwealth v. Wirth***, 108 A.3d 125 (Pa.Super. 2014) (unpublished memorandum), *allowance of appeal denied*, 116 A.3d 605 (Pa. 2015). Appellant filed a timely PCRA petition, his first, and counsel was appointed. Counsel filed an amended PCRA petition, followed by a first amended petition and a supplement to that petition (collectively "Amended PCRA petition"). After an evidentiary hearing on October 26, 2017, the PCRA court denied relief on January 2, 2018. Appellant timely filed this appeal.

Appellant raises six issues for our review, which we have re-ordered for ease of disposition:

> I.     Whether trial counsel was ineffective for failing to object to the trial court's incomplete and misleading consciousness of guilt instruction?

---

[1] Appellant was sentenced as follows: at count 1 (homicide by vehicle while DUI) – sixty to 120 months imprisonment; at count 2 (aggravated assault by vehicle while DUI) - 24 to 120 months consecutive to sentence at count 1; at count 3 (homicide by vehicle with a DUI conviction) - 30 to 84 months concurrent to the sentences imposed at counts 1 and 2; at count 5 (accident involving death or personal injury while not properly licensed) - 22 to 60 months consecutive to counts 1 and 2. The court did not impose sentence at counts 4, 6, and 7, finding that counts 2 and 4 merged, count 6 merged with count 7, and both merged with count 1 for purposes of sentencing. N.T. Revocation and Sentencing Hearing, 4/11/13, at 49. The court imposed fines only at counts 8, 9, 10, 11, and 12. ***Id***. at 49.

II. Whether trial counsel was ineffective for failing to object to the trial court's seat belt instruction?

III. Whether trial counsel was ineffective for failing to file a motion to sever the offense of accident involving death or personal injury while not properly licensed and driving under suspension?

IV. Whether trial counsel was ineffective for failing to file a pre-trial motion to suppress Mr. Wirth's statements he made to the police while hospitalized?

V. Whether trial counsel was ineffective for failing to object to the imposition of a consecutive sentence in Count 5, accident involving death/injury?

VI. Whether the cumulative effect of these errors deprived [Appellant] of effective assistance of counsel?

Appellant's brief at 4 (unnecessary capitalization omitted).

On appeal from the denial of PCRA relief, our standard of review calls for us to determine whether the ruling of the PCRA court is supported by the record and free of legal error. *Commonwealth v. Lesko*, 15 A.3d 345, 358 (Pa. 2011). We will review an order dismissing a PCRA petition in the light most favorable to the prevailing party at the PCRA level. *Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa.Super. 2012).

The law is well settled that counsel is presumed to be effective. *Id*. In order to overcome that presumption and establish that counsel was ineffective, a petitioner must establish all of the following three elements, as set forth in *Commonwealth v. Pierce*, 527 A.2d 973, 975-76 (Pa. 1987): (1) the underlying legal claim has arguable merit; (2) counsel had no

reasonable basis for his or her action or inaction; and (3) the petitioner suffered prejudice because of counsel's ineffectiveness. **Commonwealth v. Dennis**, 950 A.2d 945, 954 (Pa. 2008). Both the U.S. Supreme Court and our High Court have stated that the elements need not be analyzed in any particular order; if a claim fails under any necessary element of the test, the reviewing court may proceed to that element first. **See Lesko**, **supra** at 373 (citing **Strickland v. Washington**, 466 U.S. 668 (1984)).

As our High Court explained in **Commonwealth v. Paddy**, 15 A.3d 431, 442-43 (Pa. 2011), "[w]ith regard to the second, reasonable basis prong, 'we do not question whether there were other more logical courses of action which counsel could have pursued; rather, we must examine whether counsel's decisions had any reasonable basis.'" Counsel's chosen strategy lacks a reasonable basis only if a petitioner proves that "an alternative not chosen offered a potential for success substantially greater than the course actually pursued." **Id**. at 443 (quoting **Commonwealth v. Williams**, 899 A.2d 1060, 1064 (Pa. 2006) (citation omitted)). Finally, in order to satisfy the prejudice prong, "the petitioner must show that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's ineffectiveness." **Id**. "In making this determination, a court hearing an ineffectiveness claim must consider the **totality of the evidence** before the judge or jury. . . .Moreover, a verdict or conclusion only weakly supported by

- 4 -

the record is more likely to have been affected by errors than one with overwhelming record support." ***Lesko***, ***supra*** (emphasis in original).

Regarding proof of prejudice, we observe the following. The evidence supporting Appellant's convictions was overwhelming. It was conceded that Appellant was the driver of the vehicle, his blood alcohol was .13 within two hours of the accident, and that he did not have a license at the time. N.T., Trial, 2/15/13, at 34. While the defense attempted to discredit the rear seat passenger's testimony at trial that she saw the speedometer reach eighty-seven miles per hour prior to the accident, the Commonwealth's accident reconstructionist placed the speed at ninety-one miles per hour when the vehicle left the road and crashed into trees. Despite defense counsel's attempt to characterize the accident as a tragedy rather than a crime, the jury was not persuaded.

Appellant's first and second ineffectiveness claims pertain to counsel's failure to object to what he claims were erroneous jury instructions. In determining whether there was arguable merit in his underlying claim, we examine the charge as a whole. "The trial court has broad discretion in formulating jury instructions, as long as the law is presented to the jury in a clear, adequate, and accurate manner." ***Commonwealth v. Lukowich***, 875 A.2d 1169, 1173 (Pa.Super. 2005) (internal citation omitted).

First, Appellant alleges that the consciousness of guilt instruction was inaccurate because the court initially referred to false testimony instead of

false statements and, since Appellant did not testify at trial, it highlighted that fact. Appellant also faults the court for failing to tell the jury that they "were not required to consider" such evidence as consciousness of guilt, the precise wording used in PA.S.S.J.I. (Crim.) 3.15. He maintains that the trial court's use of the word "can" was not a proper substitute for advising the jury that they "were not required to do so." Appellant's brief at 15. In support of his position, Appellant cites **Francis v. Franklin**, 471 U.S. 307 (1985) and **Commonwealth v. Gonzalez**, 116 A.3d 696 (Pa.Super. 2014) (unpublished memorandum).

> The court instructed the jury as follows:
>
> There was evidence in this case that the Defendant gave false testimony under two circumstances to Trooper Boucher, David Boucher. One was in the hospital shortly after the accident, a second time was on February 1, 2012, at the State Police Barracks . . .
>
> Giving false testimony can be a circumstance tending to prove what we call consciousness of guilt. Such statements may be made with an intent to divert suspicion or mislead the police or other authorities or to establish an alibi or innocence and, hence, can be indicative of guilt.
>
> You may not find Mr. Wirth guilty simply because he gave false statements, there may be other reasons why he did so; but it is a factor that you can consider in your deliberations.

N.T. Trial, 2/15/13, at 68.

The trial court gave the instruction because Appellant falsely stated to police that Ms. Vonneida was driving the vehicle at the time of the accident. When interviewed later at the State Police Barracks, he did not correct that

statement. He subsequently admitted that he was the driver. It is undisputed that the trial court used the word "testimony" instead of "statement," then advised the jury that false statements alone were not a basis to find guilt, "but it is a factor that you can consider in your deliberations." N.T., 2/15/13, at 68.

The PCRA court found that Appellant's underlying claim lacked arguable merit. **See** PCRA Court Opinion, 1/2/18, at 3. The court acknowledged that it used the word testimony in error, but that it correctly used the word statement in the remainder of the instruction. The court concluded that the instruction, while not identical to the suggested standard jury instruction, did not confuse the jury or improperly highlight his choice not to testify. The court stated that the jury would have noted that Appellant did not testify at trial, and furthermore, at the request of the defense, it instructed the jury that his choice not to testify could not be used against him. PCRA Court Opinion, 1/2/18, at 3 (citing N.T., 2/15/12, at 66).

Based on its wide latitude in the wording of jury instructions, the PCRA court reasoned that advising the jury that it "can consider," in lieu of "was not required to consider" was "a distinction without a difference." PCRA Court Opinion, 1/2/18, at 3 (citing **Commonwealth v. Sattazahn**, 952 A.2d 640, 688 (Pa. 2008)). Both versions conveyed the idea that one was permitted, but not required, to consider the statements as consciousness of guilt.

We find misplaced Appellant's reliance upon **Gonzalez**, **supra**, as it is an unpublished memorandum that has no precedential or persuasive value under our rules and does not support his position.[2] **Francis** involved a type of instruction not deemed to be permissive that was found to violate due process. In contrast, the instruction herein was phrased in permissive terms, suggesting to the jury that it could infer consciousness of guilt from Appellant's prior false statements to police, but was not required to do so. We find no abuse of discretion on the part of the PCRA court.

In addition, trial counsel stated he did not object because he felt the instruction was adequate, an assessment with which we agree. Furthermore, as a matter of strategy, he did not want to draw additional attention to his client's false statements to police, which the PCRA court deemed to be a reasonable strategy. **See** PCRA Court Opinion, 1/2/18, at 4. Finally, the court concluded that, "the evidence of guilt was so great, that even if the erroneous instruction were all that the Defendant contends, it could not have been prejudicial." **Id**.

_____

[2] Ironically, **Commonwealth v. Gonzalez**, 116 A.3d 696 n.5 (Pa.Super. 2014) (unpublished memorandum) undercuts Appellant's argument. A panel of this Court approved of language almost identical to that used by the trial court herein in the consciousness of guilt instruction. ("But if you find that he did flee and you find that he did so because of a guilty [conscience] you **can consider that as evidence in this case**.") (emphasis added). We concluded that this language "clearly, adequately, and correctly advised the jury that it could consider the evidence of flight as demonstrating Appellant's consciousness of guilt, but that it was not required to do so." **Id**.

We find no abuse of discretion. The record supports the PCRA court's conclusion that Appellant failed to satisfy any of the three prongs of the ineffectiveness test. No relief is due.

Appellant argues next that the jury instruction regarding seat belt usage and direct cause was erroneous, but that counsel failed to object. The court incorrectly informed the jury that it was not permitted to consider whether Desiree Cronin, the seriously injured rear seat passenger, was wearing a seat belt in determining whether Appellant's conduct was a direct cause of her serious bodily injury. The PCRA court conceded that its instruction was erroneous under **Commonwealth v. Huggins**, 790 A.2d 1042 (Pa.Super. 2002), *rev'd on other grounds*, 836 A.2d 862 (Pa. 2003) (holding that the prohibition against admission of evidence of a passenger's failure to use a seatbelt to prove causation of injury in a criminal case only applies to front seat passengers). The PCRA court found, however, that no prejudice resulted from counsel's failure to object. The court pointed to Ms. Cronin's initial testimony that she did not fasten her seatbelt when she entered the vehicle, but that she subsequently stated she was unsure whether she was able to get it on prior to the accident. While Ms. Cronin stated that she was not one hundred percent sure that she was wearing her seatbelt, she later testified that just before the accident, "I yelled at Chris to slow down and for Allie to sit back or put her seat belt on as I put my seat belt on." N.T. Jury Trial, 2/14/13, at 72. Notably, she was the only occupant who was not ejected from

the vehicle. Thus, the PCRA court concluded there was evidence from which the fact finder could conclude that she was wearing her seatbelt at the time of the accident. PCRA Court Opinion, 1/2/18, at 9-10. The PCRA court found persuasive the Commonwealth's claim that any error was harmless in light of the totality of proof. *Id*. at 9.

We find no abuse of discretion on the part of the PCRA court. There was evidence from which the factfinder could have concluded that Ms. Cronin was wearing her seatbelt when the impact occurred, rendering the error in the instruction harmless. Furthermore, the PCRA court properly examined the totality of the circumstances, and given proof that Appellant was driving a vehicle ninety-one miles per hour when it left the roadway, that the vehicle crashed into trees and flipped over, ejecting both front seat passengers, Appellant failed to demonstrate that if counsel had objected, the result of the proceedings likely would have been different. *Id*. at 10. We find no abuse of discretion.

Next Appellant argues that trial counsel was ineffective for not seeking to sever the charges of driving with a suspended license and accident involving death or personal injury while not properly licensed. Appellant argues that proof of these two crimes required that the fact finder learn that he had "previously been convicted of a crime and/or prior bad act," but in the next breath, he charges that his prior license suspension was irrelevant to his guilt or innocence. Appellant's brief at 18. He claims that he was prejudiced

because the license suspension "was utilized to prove disposition on [his part] to commit crime generally, rather than guilt of the specific crime[s] for which [Appellant] was on trial[,]" and "only served to prejudice the jury against him from the outset as someone who violated the law by driving illegally." *Id*. at 19-20.

In support of his position, Appellant directs our attention to *Commonwealth v. Boyd*, 461 A.2d 1294 (Pa.Super. 1983), where this Court found that the trial court erred in refusing to sever charges of possession of heroin and possession of predulin that arose on different dates, and had unrelated proof. He also points to *Commonwealth v. Galassi*, 442 A.2d 328 (Pa.Super. 1982), wherein we determined that the charge of convict not to possess firearm should have been severed from the charge of firearm not to be carried without a license because the prejudice of the introduction of the defendant's former conviction affected all of the other charges.

The Commonwealth counters that none of the cases relied upon by Appellant involved a summary offense such as a license suspension. Furthermore, it points out that defense counsel had a strategic reason for stipulating to the license suspension and not attempting to sever the two charges from the remainder of the charges against Appellant. Counsel testified that the suspension was easy to prove, and by stipulating to that fact, the jury would not hear and dwell on the Commonwealth's proof. N.T. PCRA Hearing, 10/26/17, at 17. Furthermore, defense counsel testified that he saw

a benefit in keeping all of the offenses together so that the jury would see the incident as a horrible accident, and out of sympathy, impose guilt at these lesser offenses. *Id*. at 18.

Pa.R.Crim.P. 583 provides that "The court may order separate trials of offenses or defendants, or provide other appropriate relief, if it appears that any party may be prejudiced by offenses or defendants being tried together." Where a prior conviction is an element of a crime charged, defense counsel commonly will request severance of that charge from the other charges, to avoid the jury hearing evidence pertaining to a defendant's prior conviction, which is not admissible for the sole purpose of demonstrating criminal propensity*. See Commonwealth v. Cobb*, 28 A.3d 930 (Pa.Super. 2011) (severing charge of persons not to possess firearms from nine remaining charges). In making a severance determination, the court determines: "[1] whether the evidence of each of the offenses would be admissible in a separate trial for the other; [2] whether such evidence is capable of separation by the jury so as to avoid danger of confusion; and, if the answers to these inquiries are in the affirmative; [3] whether the defendant will be unduly prejudiced by the consolidation of offenses." *Commonwealth v. Melendez-Rodriguez*, 856 A.2d 1278, 1283 (Pa.Super. 2004) (quoting *Commonwealth v. Collins*, 703 A.2d 418, 422 (Pa. 1997).

Herein, having a suspended license was an element of both driving under suspension and accident involving death or personal injury while not

properly licensed. However, that prior suspension was merely a summary offense, distinguishing the facts herein from those in **Boyd**, which involved proof of another unrelated drug transaction, and **Galassi**, where the conviction was for a prior violent felony. The PCRA court concluded that in light of the overwhelming evidence of guilt in the instant case, Appellant's suspended license "was of little moment in the big picture." PCRA Court Opinion, 1/2/18, at 6. We agree. Appellant failed to prove that the outcome of the proceeding would have been different had counsel sought to sever the license suspension-related charges.

Appellant alleges next that counsel was ineffective in failing to file a motion to suppress the statement he made to police while he was in the hospital. He contends that his situation was custodial, and that **Miranda** warnings[3] were required. He also maintains that the PCRA court erred in concluding that he was not in custody when he was questioned in the hospital. He cites **Commonwealth v. D'Nicuola**, 292 A.2d 333 (Pa. 1972), and **Commonwealth v. Whitehead**, 629 A.2d 142 (Pa.Super. 1993), in support of his contention that a hospital room may be a custodial setting for purposes of **Miranda**.

The Commonwealth points to Trooper David Boucher's report, indicating that Appellant was given **Miranda** warnings prior to the interview in the

---

[3] **Miranda v. Arizona**, 384 U.S. 436 (1996).

hospital. Defense counsel had a copy of that report when he determined that a motion to suppress would be unsuccessful. *See* N.T. PCRA Hearing, 10/26/17, at 36. Furthermore, the Commonwealth argues that Appellant's reliance upon **Whitehead** is misplaced as its "focus of the investigation" analysis subsequently was rejected in **Commonwealth v. Ellis**, 549 A.2d 1323 (Pa.Super. 1988), and **Commonwealth v. Fento**, 526 A.2d 784, 788 (Pa.Super. 1987). The Commonwealth maintains further that **Miranda** warnings were not necessary because Appellant was not in custody at the time.

We note preliminarily that Appellant failed to establish the factual predicate of his claim. There is simply no evidence that Trooper Boucher did not apprise Appellant of his **Miranda** warnings prior to questioning, and it was Appellant's burden to plead and prove entitlement to relief. It is well-settled that counsel cannot be deemed ineffective for failing to pursue a meritless claim. **Commonwealth v. Padden**, 783 A.2d 299, 314 (Pa.Super. 2001).

Second, the mere fact that a suspect was questioned in a hospital does not, as a matter of law, render the interrogation custodial. **See Ellis supra** at 1332 (where restriction on a defendant's freedom of movement based on his medical condition did not constitute custody for purposes of the totality of the circumstances test). Appellant offered no proof of circumstances that would support a finding that he was in custody in the hospital.

Furthermore, Appellant gave a second statement to police at the barracks, and he does not contest that **Miranda** warnings were given prior to questioning at that time. The second statement was consistent with his earlier statement at the hospital, and thus, Appellant cannot prove prejudice from counsel's failure to seek to suppress the earlier statement. No relief is due on this basis.

In his penultimate issue, Appellant alleges that counsel was ineffective for failing to object to the imposition of a consecutive sentence at count five, accident involving death/injury while not properly licensed. He claims that his sentence on that count should have merged with the sentences imposed at counts one through four, *i.e.*, homicide by vehicle while DUI, aggravated assault by vehicle while DUI, homicide by vehicle, and aggravated assault by vehicle, as they included the same conduct. [4]

In finding no merger, the PCRA court adopted the Commonwealth's position that 42 Pa.C.S. § 9765 governed: "No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense." **See**

---

[4] The court did not impose sentence at count 4 (aggravated assault by vehicle), finding that the offense merged with count 2 (aggravated assault by vehicle while DUI) for purposes of sentencing.

***Commonwealth v. Grays***, 167 A.3d 793, 814 (Pa.Super. 2017) (finding no merger of homicide by vehicle and homicide by vehicle while DUI for sentencing purposes where defendant was convicted of numerous laws relating to the use of his vehicle in addition to DUI).

The PCRA court agreed with the Commonwealth that count five contained an element of driving while license suspended that was not an element of the offenses charged at counts one through four. We find no sentencing error, and adopt the PCRA court's disposition of this issue as our own. ***See*** PCRA Court Opinion, 1/2/18, at 8-9.

Finally, Appellant urges us to grant relief based on cumulative instances of ineffective assistance of counsel. Since we have rejected Appellant's claims *in toto*, there is no cumulative error. ***See Commonwealth v. Rainey***, 928 A.2d 215, 245 (Pa. 2007) ("As this Court has often held, no number of failed claims may collectively warrant relief if they fail to do so individually.").

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 08/27/2018

- 16 -